Willie Marcel SHANNON, Appellant,

v.

**The STATE of Texas.**

**No. 74317.**

Court of Criminal Appeals of Texas.

June 18, 2003.

**77.** *See* footnote 4, *supra.*

Scot, R. Courtney, Houston, for appellant.

Kelly Smith, Assist. DA, Houston, Matthew Paul, State's Attorney, Austin, for state.

**OPINION**

HOLCOMB, J., delivered the opinion of the Court, in which KELLER, P.J., and MEYERS, PRICE, WOMACK, JOHNSON, HERVEY, and COCHRAN, JJ., join.

Appellant, Willie Marcel Shannon, appeals from a district court order denying post-conviction DNA[1] testing with respect to an unadjudicated, extraneous offense. Finding no reversible error, we affirm.

*The Relevant Facts*

In late 1993, in Harris County, appellant was tried and convicted of capital murder and sentenced to death.[2] At the punishment stage of the trial, the State offered, and the district court admitted, testimonial evidence that, on the day of the capital murder, appellant also committed an extraneous aggravated sexual assault. The State offered the evidence in an attempt to show that appellant would be a danger in the future.

In late 2001, appellant filed a motion in the convicting district court, pursuant to Texas Code of Criminal Procedure article 64.01, requesting that "all physical evidence" pertaining to the extraneous aggravated sexual assault be subjected to forensic DNA testing and the results compared to his DNA to establish that he was not the assailant in that offense.[3] Evidently, appellant believed that if he could show that he was not the assailant in the extraneous aggravated sexual assault, he would be entitled to a new punishment hearing,

---

1. DNA (deoxyribonucleic acid) is a type of organic molecule, in the shape of a double helix, found in the nuclei of all living cells. See E.D. Hirsch, *et al., The New Dictionary of Cultural Literacy* 530 (3rd ed.2002).

2. We upheld appellant's conviction and sentence on direct appeal. *Shannon v. State,* 942 S.W.2d 591, 601 (Tex.Crim.App.1996).

3. Article 64.01 provides, in relevant part, that "[a] convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material."

at which he might avoid the death penalty. In his motion for DNA testing, appellant did not explain precisely what physical evidence he wanted tested.

In early 2002, the State filed a response to appellant's motion. In its response, the State argued that, among other things, it no longer possessed any physical evidence pertaining to the extraneous aggravated sexual assault.[4] Accompanying the State's response was the affidavit[5] of K.L. McGinnis, the evidence records custodian of the Houston Police Department (H.P.D.), to the effect that the physical evidence pertaining to the aggravated sexual assault had been destroyed by H.P.D. personnel in 1997. Also accompanying the State's response were photocopies of H.P.D. records establishing that the evidence in question had been a condom wrapper, a plastic bag, another bag containing the victim's clothing, and a sexual assault kit.

On February 5, 2002, the district court denied appellant's motion for DNA testing. In its written findings of fact, the district court found "in the negative" on the question of whether any physical evidence per-

taining to the extraneous aggravated sexual assault still existed.

## The Points of Error

After reviewing the record and the briefs, we conclude that we need address only appellant's third and fourth points of error. Given our disposition of appellant's third and fourth points of error, his first, second, fifth, and sixth points of error are rendered moot.[6]

█ In his third point of error, appellant argues that "[t]he trial court erred ... in refusing to make inquiry [of the State] and make necessary findings of fact that all DNA evidence relating to [appellant's] request has been produced and/or properly accounted for." Appellant argues further under this point that "it appears that [Texas Code of Criminal Procedure article] 64.02 ... anticipates and directs the trial court hearing the motion [for DNA testing] to make inquiry of the State relating to the existence of such materials for testing, as well as an accounting of such in the possession of or within the knowledge of the State."[7] From the rec-

4. Texas Code of Criminal Procedure article 64.03(a)(1)(A)(i) provides that "[a] convicting court may order forensic DNA testing ... only if the court finds that the evidence still exists and is in a condition making DNA testing possible."

5. Affidavit evidence is perfectly acceptable in this context. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex.Crim.App.2002).

6. Appellant's first, second, fifth, and sixth points of error are:

Point One: "The trial court erred in its finding of fact that 'the applicant fails to meet the requirement of Tex.Code Crim. App. [sic] Art. 64.03 that he be a convicted person in the offense for which he is requesting testing.'"
Point Two: "The trial court's conclusion of law was erroneous in its determination that Tex.Code Crim.App. [sic] Art. 64.03 is inap-

plicable to evidence gathered in connection with an unadjudicated offense."
Point Five: "The trial court erred in its factual finding that the burden of establishing the existence and condition of the requested DNA materials under Tex.Code Crim.App. [sic] [Art.] 64.03(a)(1), is that of the applicant's [sic]."
Point Six: "The trial court erred in its conclusion of law that 'applicant failed to meet the requirements of [Art.] 64.03(a)(2).'"

7. Article 64.02 provides:
On receipt of the motion [for DNA testing], the convicting court shall:
(1) provide the attorney representing the state with a copy of the motion; and
(2) require the attorney representing the state to:
(A) deliver the evidence to the court, along with a description of the condition of the evidence; or

ord before us, however, it appears that appellant did not ask the district court to make such an inquiry of the State. Consequently, appellant has forfeited the right to complain on appeal that the district court erred in failing to make such an inquiry. See Tex.R.App. Proc. 33.1(a). We overrule appellant's third point of error.

■ In his fourth point of error, appellant complains of the district court's negative finding on the question of whether any physical evidence pertaining to the extraneous aggravated sexual assault still exists. Appellant argues that the record evidence supporting that negative finding is "so weak" as to make the district court's negative finding "clearly wrong and manifestly unjust." We disagree. The State offered substantial evidence, discussed previously, to the effect that the physical evidence in its possession pertaining to the extraneous aggravated sexual assault was destroyed in 1997. Appellant offered no evidence to the contrary. On this record, the district court could have reasonably concluded that no physical evidence pertaining to the extraneous aggravated sexual assault presently exists. We overrule appellant's fourth point of error.

We affirm the order of the district court.

KEASLER, J., concurs in the result.

(B) explain in writing to the court why the state cannot deliver the evidence to the court.