COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-035-CR
 
ROBERT LEE BOLDEN                                                        
   APPELLANT
V.
THE STATE OF TEXAS                                                               
STATE
------------
FROM THE 213
th DISTRICT COURT OF
TARRANT COUNTY
------------
OPINION
------------
I. Introduction
In a single point, Bolden
challenges the trial court's denial of his motion for forensic DNA testing
pursuant to article 64 of the Texas Code of Criminal Procedure. Tex. Code Crim.
Proc. Ann. art. 64.01 (Vernon Supp. 2003). We will affirm.
II. Background
Facts
Bolden was convicted by a jury of
aggravated robbery with a deadly weapon in May 2000. In June 2002, Bolden filed
a motion pursuant to article 64.01 of the Texas Code of Criminal Procedure
seeking DNA testing of evidence containing biological material. See id.
The trial court appointed counsel to assist Bolden in obtaining the order.
In January 2003, the State filed
its response to Bolden's motion for DNA testing and attached an excerpt from the
reporter's record of Bolden's trial. The excerpt contained the testimony of the
employee working at the Chevron station Bolden robbed. The employee's testimony
showed that, during the robbery, Bolden pointed a gun at the store employee,
demanded money from the cash register, and exited the store without leaving any
kind of DNA behind. The trial court denied Bolden's motion for DNA testing
because the record did not indicate that Bolden left any DNA evidence behind;
thus, no genetic material was available for testing.
III. Article 64 of
the Texas Code of Criminal Procedure
Article 64.01(a) provides that a
convicted person may submit to the convicting court a motion for forensic DNA
testing of evidence containing biological material. Id. art. 64.01(a).
Article 64.02 states that, on receipt of the motion, the convicting court shall
require the attorney representing the State to:

        
 (A) deliver the evidence to the court, along with a description of the
 condition of the evidence; or
        
 (B) explain in writing to the court why the state cannot deliver the evidence
 to the court.

Id. art. 64.02(2)(A), (B).
Article 64.03(a)(2)(A) provides
that the convicted person must establish by a preponderance of the evidence that
there is a reasonable probability that the person would not have been prosecuted
or convicted if exculpatory results had been obtained through DNA testing. Id.
art. 64.03(a)(2)(A). The Texas Court of Criminal Appeals recently noted:

        
 Article 64.03(a)(2)(A) directs a convicting court to order DNA testing of
 evidence containing biological material only if a convicted person establishes
 by a preponderance of the evidence that there is a reasonable probability that
 the person would not have been prosecuted or convicted if exculpatory results
 had been obtained through DNA testing. A trial court is never required to
 grant a convicted person's request for testing absent such a showing.

Dinkins v. State, 84
S.W.3d 639, 643 (Tex. Crim. App. 2002).
IV. Bolden's Motion
was Properly Denied
The State had no DNA evidence to
deliver to the court pursuant to article 64.02(A). Consequently, the State
proceeded to meet its burden under article 64.02(B) of explaining why it could
not deliver DNA evidence to the court. By providing the excerpt from the
reporter's record, the State explained that Bolden's offense did not involve DNA
evidence, that no DNA was left behind at the crime scene, and that there was no
DNA to test. Tex. Code Crim. Proc. Ann. art. 64.02(2)(B). Bolden, however, has
failed to establish that a reasonable probability exists that DNA testing would
prove his innocence. See id. art. 64.03(a)(2)(A); Dinkins,
84 S.W.3d at 643. In fact, his burden is impossible to meet considering the
total lack of DNA evidence at the Chevron station.
The State met its burden. See
Tex. Code Crim. Proc. Ann. art. 64.02(2)(B). Bolden did not meet his burden. See
id. art. 64.03(a)(2)(A); Dinkins, 84 S.W.3d at 643. Thus, the
trial court did not err by denying Bolden's motion for forensic DNA testing
pursuant to article 64 of the Texas Code of Criminal Procedure. See Shannon
v. State, No. 74,317, slip op. at 4-5, 2003 WL 21398476, at *2 (Tex. Crim.
App. June 18, 2003) (holding State met its burden of showing no DNA evidence
existed, appellant offered no evidence to the contrary, so the trial court could
reasonably have concluded that no physical evidence pertaining to the offense
presently exists). Accordingly, we overrule Bolden's sole point. See Rivera
v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002); Kutzner v.
State, 75 S.W.3d 427, 439 (Tex. Crim. App. 2002).
V. Conclusion
Having overruled Bolden's sole
point, we affirm the trial court's judgment.
 
                                                                      
SUE WALKER
                                                                      
JUSTICE
 
PANEL F: CAYCE, C.J.; GARDNER and
WALKER, JJ.
PUBLISH
DELIVERED: July 31, 2003