LUMPKIN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

                                    NOS. 2-03-130-CR

2-03-138-CR

MORRIS HERSHELL LUMPKIN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In a single point, Appellant, Morris Hershell Lumpkin, challenges the trial court’s denial of his motion for forensic DNA testing pursuant to
 
chapter 64 of the Texas Code of Criminal Procedure.
(footnote: 2)  We will affirm.

Factual and Procedural Background

In 1983, a jury found Appellant guilty of two murders and sentenced him to confinement for life.  We affirmed Appellant’s conviction and sentence.
(footnote: 3)  On September 3, 2002, Appellant, acting pro se, filed a motion 
pursuant to article 64.01of the Texas Code of Criminal Procedure seeking DNA testing of evidence containing biological material for both counts of murder.
(footnote: 4)  The trial court appointed counsel to assist Appellant in obtaining the order.

In Appellant’s motions for DNA testing, he lists seven different items or categories of evidence that were admitted into evidence by the State during his 1983 murder trial.  This is the only evidence mentioned by Appellant in his motions and supporting affidavits.  Attached to the State’s response to Appellant’s motions was the sworn affidavit of Elvera Johnson, District Clerk for Parker County.  Johnson’s affidavit states that there are no exhibits and/or items of evidence in her possession related to Appellant’s cause numbers.  Johnson certified that her records do not reflect when the exhibits or evidence was destroyed.  The State additionally attached the affidavit of Melody Cox, evidence records custodian for the City of Weatherford Police Department.  Cox’s affidavit states that she has care and custody of property and/or evidence related to the Weatherford Police Department’s investigation and that to her knowledge, none of the items in her possession contain any biological evidence.  Appellant’s motions were denied on the basis that no genetic material was available for testing.

Discussion

Article 64.01(a) provides that a convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material.
(footnote: 5)  On receipt of the motion, the convicting court shall require the attorney representing the State to:

(A) deliver the evidence to the court, along with a description of the condition of the evidence; or

(B) explain in writing to the court why the state cannot deliver the evidence to the court.
(footnote: 6)

Article 64.03(a)(1)(A) further provides that a convicting court may order forensic DNA testing only if the court finds that the evidence still exists.
(footnote: 7)
 The trial court found that evidence possibly containing biological material had been destroyed.  Deferring to this finding of historical fact, we conclude that the trial court did not err in refusing to order DNA testing.  
The State provided sworn affidavits from the District Clerk for Parker County
 and the evidence records custodian for the City of Weatherford Police Department
 certifying that the State has no DNA evidence to deliver to the court pursuant to article 64.02(2)(A)
.  
Consequently, the State proceeded to meet its burden under article 64.02(2)(B) to explain why it could not deliver DNA evidence to the court.  Appellant, however, has failed to establish that a reasonable probability exists that DNA testing would prove his innocence.
(footnote: 8)  In fact, Appellant’s burden is impossible to meet considering the total lack of DNA evidence.  Thus, the trial court did not err by denying Appellant’s motions for forensic DNA testing pursuant to
 
article 64 of the Texas Code of Criminal Procedure.
(footnote: 9) 
  
Accordingly, we overrule Appellant’s sole point.
(footnote: 10) 

Conclusion

Having overruled Appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: November 13, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 2-4 (amended 2003) (current version at 
Tex. Code Crim. Proc. Ann.
 arts. 64.01-64.05 (Vernon Supp. 2004)).  Because Appellant filed his motions for forensic DNA testing prior to September 1, 2003, the former versions of articles 64.01(c) and 64.03(a) apply.

3:
Lumpkin v. State
, 681 S.W.2d 885 (Tex. App.—Fort Worth 1984, no pet.)

4:
Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 2-3.

5:
Id.

6:
Tex. Code Crim. Proc. Ann.
 art. 64.02(2)(A), (B) (Vernon Supp. 2004).

7:
Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3-4.

8:
Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3-4 (amended 2003) (current version at 
Tex. Code Crim. Proc. Ann.
 art. 64.03(a)(2)(A) (Vernon Supp. 2004)); 
Dinkins v. State, 
 84 S.W.3d 639, 643 (Tex. Crim. App. 2002).

9:
See Shannon v. State
, 116 S.W.3d 52, 53 (Tex. Crim. App. 2003) (holding State met its burden of showing no DNA evidence existed, appellant offered no evidence to the contrary ,and the trial court could reasonably have concluded that no physical evidence pertaining to the offense presently exists).

10:
See Rivera v.
 
State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002);
 Kutzner
 
v. State
, 75 S.W.3d 427, 439 (Tex. Crim. App. 2002).