FIGUERO V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-064-CR

ISMAEL TORRES FIGUEROA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In a single point, Appellant, Ismael Torres Figueroa, challenges the trial court’s denial of his motion for forensic DNA testing pursuant to
 
chapter 64 of the Texas Code of Criminal Procedure.
(footnote: 2)  We will affirm.

Factual and Procedural Background

Appellant was sentenced to fifteen years’ confinement after pleading guilty to the offense of aggravated sexual assault in September 1994.  No appeal was taken on the conviction.  In August 2002, Appellant filed a motion pursuant to article 64.01 of the Texas Code of Criminal Procedure seeking DNA testing of evidence containing biological material.
(footnote: 3)  The trial court appointed counsel to assist Appellant in obtaining the order.  Attached to the State’s response to Appellant’s motion is the sworn affidavit of Melony Ebel, property custodian for the Arlington Police Department, the agency which investigated the case.  Ebel’s affidavit states that all evidence relating to Appellant’s case was destroyed on August 16, 1994.  Appellant’s motion was denied on the basis that no genetic material was available for testing.

Discussion

Article 64.01(a) provides that a convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material.
(footnote: 4)  On receipt of the motion, the convicting court shall require the attorney representing the State to:

(A) deliver the evidence to the court, along with a description of the condition of the evidence; or

(B) explain in writing to the court why the state cannot deliver the evidence to the court.
(footnote: 5)

Article 64.03(a)(1)(A) further provides that a convicting court may order forensic DNA testing only if the court finds that the evidence still exists.
(footnote: 6)
 The trial court found that evidence possibly containing biological material had been destroyed.  Deferring to this finding of historical fact, we conclude the trial court did not err in refusing to order DNA testing.  Appellant argues that article 64.02 requires the State to provide a reason for the destruction of the evidence.  Article 64.02, however, only requires the State to explain why it cannot deliver the evidence to the court.  When the explanation offered by the State is that the evidence was destroyed, nothing in article 64.02 requires the State to explain why the evidence was destroyed.  The State provided a sworn affidavit from the property custodian for the Arlington Police Department averring that the State had no DNA evidence to deliver to the court pursuant to article 64.02(2)(B)
.  
Consequently, the State met its burden under article 64.02(2)(B) by explaining why it could not deliver DNA evidence to the court.
(footnote: 7) 
 
Thus, the trial court did not err by denying Appellant’s motion for forensic DNA testing pursuant to
 
article 64 of the Texas Code of Criminal Procedure.
(footnote: 8)  
Accordingly, we overrule Appellant’s sole point.
(footnote: 9)
Conclusion

Having overruled Appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: HOLMAN, J.; CAYCE, C.J.; and SAM J. DAY, J. (Retired, Sitting by Assignment)

DO NOT PUBLISH   

Tex. R. App. P. 
47.2(b)

DELIVERED: November 13, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 2-4 (amended 2003) (current version at 
Tex. Code Crim. Proc. Ann.
 arts. 64.01-64.05 (Vernon Supp. 2004)).  Because Appellant filed his motion for forensic DNA testing prior to September 1, 2003, the former versions of articles 64.01(c) and 64.03(a) apply.

3:
Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 2-3.

4:
Id
.

5:
Tex. Code Crim. Proc. Ann.
 art. 64.02(2)(A), (B) (Vernon Supp. 2004).

6:
Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3-4.

7:
Tex. Code Crim. Proc. Ann. 
art. 64.02(2)(B). 
 

8:
See Shannon v. State
, 116 S.W.3d 52, 53 (Tex. Crim. App. 2003) (holding State met its burden of showing no DNA evidence existed, appellant offered no evidence to the contrary ,and the trial court could reasonably have concluded that no physical evidence pertaining to the offense presently exists).

9:
See Rivera v. State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002);
 Kutzner
 
v. State
, 75 S.W.3d 427, 439 (Tex. Crim. App. 2002).