COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-058-CR
NO. 2-03-059-CR
NO. 2-03-060-CR
 
  
GARY 
DONAS LUTTRELL                                                       APPELLANT
 
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Gary 
Donas Luttrell appeals from the trial court’s denial of his motion for DNA 
testing in connection with three criminal convictions. In a single point, he 
complains that the trial court improperly denied his motion for DNA testing 
because the court failed to require the State to account for potential evidence 
that could be subject to DNA testing. The law governing this case is well 
settled, and the facts are well known to the parties. We will affirm.
        A 
convicting court may order DNA testing only if the court finds, among other 
things, that the evidence still exists and is in a condition making DNA testing 
possible. Tex. Code Crim. Proc. Ann. 
art. 64.03(a)(1) (Vernon Supp. 2004-05). The police affidavit based on an 
evidentiary search under the correct police case number[2] 
states, in pertinent part, that all evidence relating to appellant’s cases was 
destroyed prior to the effective date of article 38.39 of the code of criminal 
procedure. See id. art. 38.39 (governing preservation of evidence 
containing biological material). This affidavit meets the State’s evidentiary 
burden and supports the trial court’s conclusion that no evidence containing 
biological material exists to be tested. See Shannon v. State, 116 S.W.3d 
52, 54-55 (Tex. Crim. App. 2003). Accordingly, the trial court did not err by 
denying appellant’s motion for DNA testing. See id. at 55. We overrule 
appellant’s point and affirm the trial court’s order.
   
  
                                                                  PER 
CURIAM
 
  
PANEL F:   CAYCE, 
C.J.; GARDNER and WALKER, JJ.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
 
DELIVERED: 
August 19, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The original police affidavit, based on an evidentiary search under an incorrect 
police case number, stated that all evidence relating to appellant’s cases had 
been destroyed but no knife had ever been booked into evidence. A corrected 
affidavit was filed by the police department records custodian.