Luttrell v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-058-CR

NO. 2-03-059-CR

NO. 2-03-060-CR

GARY DONAS LUTTRELL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Gary Donas Luttrell appeals from the trial court’s denial of his motion for DNA testing in connection with three criminal convictions.  In a single point, he complains that the trial court improperly denied his motion for DNA testing because the court failed to require the State to account for potential evidence that could be subject to DNA testing.  The law governing this case is well settled, and the facts are well known to the parties.  We will affirm.

A convicting court may order DNA testing only if the court finds, among other things, that the evidence still exists and is in a condition making DNA testing possible.  
Tex. Code Crim. Proc. Ann.
 art. 64.03(a)(1) (Vernon Supp. 2004-05).  The police affidavit based on an evidentiary search under the correct police case number
(footnote: 2) states, in pertinent part, that all evidence relating to appellant’s cases was destroyed prior to the effective date of article 38.39 of the code of criminal procedure.  
See id.
 art. 38.39 (governing preservation of evidence containing biological material).  This affidavit meets the State’s evidentiary burden and supports the trial court’s conclusion that no evidence containing biological material exists to be tested.  
See Shannon v. State,
 116 S.W.3d 52, 54-55 (Tex. Crim. App. 2003).  Accordingly, the trial court did not err by denying appellant’s motion for DNA testing.  
See id.
 at 55.  We overrule appellant’s point and affirm the trial court’s order.

PER CURIAM

PANEL F: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 19, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The original police affidavit, based on an evidentiary search under an incorrect police case number, stated that all evidence relating to appellant’s cases had been destroyed but no knife had ever been booked into evidence.  A corrected affidavit was filed by the police department records custodian.