Steele v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-157-CR

BRUCE M. STEELE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Bruce M. Steele appeals from the trial court’s denial of his motion for postconviction DNA testing.  In his sole point, he complains that the trial court may have considered his guilt in denying the motion.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 64.03(b)
 
(Vernon Supp. 2004-05) (providing that 
in case where convicted person pleaded guilty, trial court may not consider plea in deciding if identity is in issue for DNA testing purposes)
; 
accord Bell v. State
, 90 S.W.3d 301, 306-07 (Tex. Crim. App. 2002).  We will affirm.

Here, appellant did not plead guilty, but was found guilty by a jury.  Therefore, article 64.03(b) does not apply to this case. 

Further, before the court can order DNA testing, it must find that evidence still exists and is in a condition to make DNA testing possible.  
Tex. Code Crim. Proc. Ann.
 art. 64.03(a)(1).  In their affidavits, two property custodians from the Fort Worth Police Department indicated that their records reflect that they are no longer in possession of any evidence relating to this case.  In its findings of fact and conclusions of law, the trial court found that no evidence existed and denied the motion on that basis.  
See Shannon v. State
, 116 S.W.3d 52, 55 (Tex. Crim. App. 2003).  Thus, the trial court did not err by denying appellant’s motion for DNA testing.  We overrule appellant’s point and affirm the trial court’s order.   

PER CURIAM

PANEL F: CAYCE, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: September 30, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.