COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-157-CR
  
  
BRUCE 
M. STEELE                                                                 APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
 
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Bruce 
M. Steele appeals from the trial court’s denial of his motion for 
postconviction DNA testing. In his sole point, he complains that the trial court 
may have considered his guilt in denying the motion. See Tex. Code Crim. Proc. Ann. art. 64.03(b) 
(Vernon Supp. 2004-05) (providing that in case where convicted person pleaded 
guilty, trial court may not consider plea in deciding if identity is in issue 
for DNA testing purposes); accord Bell v. State, 90 S.W.3d 301, 306-07 
(Tex. Crim. App. 2002). We will affirm.
        Here, 
appellant did not plead guilty, but was found guilty by a jury. Therefore, 
article 64.03(b) does not apply to this case.
        Further, 
before the court can order DNA testing, it must find that evidence still exists 
and is in a condition to make DNA testing possible. Tex. Code Crim. Proc. Ann. art. 
64.03(a)(1). In their affidavits, two property custodians from the Fort Worth 
Police Department indicated that their records reflect that they are no longer 
in possession of any evidence relating to this case. In its findings of fact and 
conclusions of law, the trial court found that no evidence existed and denied 
the motion on that basis. See Shannon v. State, 116 S.W.3d 52, 55 (Tex. 
Crim. App. 2003). Thus, the trial court did not err by denying appellant’s 
motion for DNA testing. We overrule appellant’s point and affirm the trial 
court’s order.
   
                                                                  PER 
CURIAM
  
  
PANEL 
F:   CAYCE, C.J.; WALKER and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
September 30, 2004

NOTES
1.  
See Tex. R. App. P. 47.4.