Affirmed and Memorandum Opinion filed February 15, 2007








Affirmed
and Memorandum Opinion filed February 15, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00223-CR

____________

 

SHANNON LEE JOHNSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th District
Court

Harris County, Texas

Trial Court Cause No.
517831

 



 

M E M O R A N D U M   O P I N I O N

In a
single issue, appellant appeals the trial court=s denial of his motion for forensic
DNA testing.  See Tex. Code Crim.
Proc. Ann. art. 64.001 (Vernon Supp. Pamph. 2006).  Appellant asserts
that the trial court abused its discretion in denying his motion because, in
the absence of live testimony, the court lacked sufficient evidence upon which
to base its ruling.  We affirm.








After a
jury trial, appellant was convicted of capital murder.  On April 6, 1989, the
trial court sentenced him to life in prison.  Appellant=s conviction was affirmed on direct
appeal.  See Johnson v. State, No. 06-89-00076-CR (Tex. App.CTexarkana 1990, pet. ref=d) (not designated for publication).

On
September 24, 2002, appellant filed a motion requesting DNA testing on all the
physical evidence from his case pursuant to Chapter 64 of the Texas Code of
Criminal Procedure.  The record contains no ruling on appellant=s first motion.  He filed an amended
motion on March 30, 2004.  The State asserts it received no notice of the
amended motion and therefore did not respond.  The trial court granted the
motion the same day it was filed.  The State later filed a motion asking the
court to deny DNA testing based on affidavits from the custodians of records
for the Houston Police Department, the HPD Crime Laboratory, and the Harris
County District Clerk=s Office averring that each possessed no evidence related to
appellant=s case.  Our record contains no response by appellant to the State=s motion.  The trial court then
found, among other findings, that appellant failed to meet the requirement to
show that biological evidence from the case still exists and is in a condition
making DNA testing possible.  See Tex.
Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(i) (Vernon Supp. Pamph.
2006).  The court signed an order denying DNA testing on February 24, 2006.

In
reviewing a trial court=s decision to deny DNA testing under article 64.03, we afford
almost total deference to the trial court=s determination of historical fact
issues and the application of law to facts that turn on credibility or demeanor. 
Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (citing Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).  Under this standard,
the issue of whether the claimed DNA evidence exists is reviewed with deference
to the trial court=s findings.  Id. 








First,
we note that there is nothing in the record to demonstrate that appellant
preserved error by objecting to the trial court=s consideration of affidavits instead
of live testimony.  Thus, appellant has waived his only complaint.[1] 
See Tex. R. App. P. 33.1; Saldano
v. State, 70 S.W.3d 873, 886‑87 (Tex. Crim. App. 2002) (stating that
even constitutional complaints may be waived by failure to timely assert them
in the trial court). 

Secondly,
article 64.03 does not require a hearing concerning the trial court=s determination of whether a
defendant is entitled to a DNA testing.  Rivera, 89 S.W.3d at 58-59. 
Affidavit testimony that no biological evidence from the case is maintained or
possessed, absent contrary evidence, is sufficient to support the trial court=s denial of a motion for DNA
testing.  See Shannon v. State, 116 S.W.3d 52, 55 (Tex. Crim. App.
2003).  If the evidence no longer exists, then the trial court cannot order DNA
testing.  See Lewis v. State, 191 S.W.3d 225, 228‑29 (Tex. App.CSan Antonio 2005, pet. ref=d).

We
conclude that appellant=s sole issue is without merit.  Accordingly, the judgment of
the trial court is affirmed.

 

PER
CURIAM

 

Judgment rendered and Memorandum
Opinion filed February 15, 2007.

Panel consists of Chief Justice
Hedges and Justices Fowler and Edelman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 









[1]  Although not raised as an issue, appellant asserts
generally in his brief that the state has deprived him of an opportunity to
challenge his conviction by failing to preserve the evidence in his case.  The
code of criminal procedure does not authorize an appeal to a court of appeals
on the ground that the State improperly destroyed DNA evidence.  See Chavez
v. State, 132 S.W.3d 509, 510 (Tex. App.CHouston
[1st Dist.] 2004, no pet.) (holding that a complaint that the State improperly
destroyed DNA evidence is a request for habeas relief over which a court of
appeals has no jurisdiction).