In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00049-CR

                                                ______________________________

 

 

                                 JAMES OWEN SPURLOCK,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 402nd
Judicial District Court

                                                             Wood County, Texas

                                                       Trial Court
No. 19,452-2006

 

                                                     
                                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            James Owen Spurlock worked with his
wife as a caretaker at Touchstone Farms, a private facility that provided
residential assisted-living arrangements for mentally disabled adults.  Pursuant to a plea of guilty, Spurlock was
convicted of aggravated sexual assault of disabled individuals Joy Lauren Thomas
and Elizabeth Brooke Alfred,[1] and was sentenced to twenty
years’ imprisonment in each case.  Now,
he appeals the denial of his motion for post-conviction DNA testing.[2]  We affirm the trial court’s judgment finding
“that no reasonable basis exists to believe that DNA tests could change [the] outcome.”  

            The records[3]
in possession of the trial court corroborated Spurlock’s plea.  After Thomas suffered an episode of vaginal
pain and bleeding, she reported that she and Alfred were sexually assaulted by
Spurlock on numerous occasions.  Thomas
provided details of several of these assaults. 
Thomas also spoke of the assaults when she was examined by Sexual
Assault Nurse Examiner (SANE) Kim Basenger.  Basenger noted that
while Thomas’ previous gynecological examination noted that the “hymenal tissue was fully intact,” the SANE examination
revealed the “hymenal tissue was completely gone.”

            Alfred also accused Spurlock of
sexual assault and described several incidents in detail.  Her examination by SANE Tammy Ford revealed
trauma and a healed tear of the hymen. 
Witness Glenda R. Leatherwood stated she “saw something going on between”
Alfred and Spurlock.  When she went to
investigate the situation, Spurlock exited the area.  Leatherwood said “his back was to me as I
came into the area he turned to the wall and it looked like he was zipping up
his pants.”  Spurlock told Leatherwood
that “you better keep your mouth shut. 
Later that night he told me that he would sharpen my lawnmower blades
for me.”  

            We review a convicting court’s
decision to deny a motion for post-conviction DNA testing under a bifurcated
standard of review.  See Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).  We afford almost total deference to the
convicting court’s determination of issues of historical fact and the
application of law to the fact issues that turn on an evaluation of credibility
and demeanor, but review de novo legal issues. 
Id. 

            Chapter 64 of the Texas Code of
Criminal Procedure governs post-conviction requests for DNA testing.  Pursuant to Article 64.01, a defendant may
request the convicting court to permit forensic DNA testing of evidence
containing biological material that was in possession of the State during
trial, which was previously subjected to DNA testing, if it can be subjected to
testing with newer testing techniques that provide a reasonable likelihood of
results that are more accurate and probative than the results of the previous
test.  Tex. Code Crim. Proc. Ann. art.
64.01 (West Supp. 2010).  

            Article 64.03 states:

            (a)        A
convicting court may order forensic DNA testing under this chapter only if:

            (1)        the
court finds that:

            (A)       the
evidence:

            (i)         still exists and is in a condition
making DNA testing possible; and

            (ii)        has
been subjected to a chain of custody sufficient to establish that it has not
been substituted, tampered with, replaced, or altered in any material respect;
and

            (B)       identity
was or is an issue in the case; and

            (2)        the
convicted person establishes by a preponderance of the evidence that:

            (A)       the
person would not have been convicted if exculpatory results had been obtained
through DNA testing; and

            (B)       the
request for the proposed DNA testing is not made to unreasonably delay the
execution of sentence or administration of justice.

 

Tex. Code Crim. Proc. Ann. art.
64.03(a) (West Supp. 2010).  The motion
for post-conviction DNA testing must be sworn and must contain a statement of
facts to support the motion.  Tex. Code Crim.
Proc. Ann. art. 64.01. 
Spurlock’s motion, written in a conclusory
manner and without supporting facts, simply recited the requirements in Articles
64.01 and 64.03.  It did not refer to any
specific piece of evidence containing biological material.  Consequently, the trial court found that
Spurlock could not meet the requirement that “convicted persons
show . . . a reasonable probability exists that exculpatory
DNA tests would prove their innocence.”  Rivera,
89 S.W.3d at 59.  

            A convicting court can only order
forensic DNA testing if the statutory requirements are met.  See
Bell v. State, 90 S.W.3d 301, 306
(Tex. Crim. App. 2002).  An appellant
bears the burden of satisfying the Chapter 64 requirements.  Wilson
v. State, 185 S.W.3d 481, 484 (Tex. Crim. App. 2006).  In light of the fact that Spurlock failed to
meet the requirements of Articles 64.01 and 64.03, the post-conviction
motion for DNA testing was properly denied.  Dinkins
v. State, 84 S.W.3d 639, 641–42 (Tex. Crim. App. 2002) (where it is unclear
what evidence defendant wants tested, and only general statements support
motion for post-conviction DNA testing, requirements of Chapter 64 are not
met). 

            Further, the Texas Court of Criminal Appeals
has explained that “[u]nder Article 64.03, a
defendant is not entitled to DNA testing unless he first shows . . . that
identity was an issue in the case [and] that there is greater than a 50% chance
that he would not have been convicted if DNA testing provided exculpatory
results.”  Prible v. State, 245 S.W.3d 466, 467–68 (Tex. Crim. App. 2008).  This burden is met “if the record shows that
exculpatory DNA test results, excluding the defendant as the donor of the
material, would establish, by a preponderance of the evidence, that the
defendant would not have been convicted.” 
Ex parte Gutierrez, 337 S.W.3d
883, 899 (Tex. Crim. App. 2011).  

            Spurlock does not claim that his
identity was an issue in the case, only that “the identity of the minor
contributor is at issue.”  For the first
time on appeal, Spurlock identifies the subject of his complaint.  In his briefing, Spurlock clarifies that he
seeks DNA testing of a towel that was seized from Thomas’ room, which was
previously tested before trial.  The test
results conclusively established Spurlock as the major contributor of
biological material contained on the towel. 
The towel also contained biological material of a female minor
contributor.  According to Spurlock’s
briefing, the “set of genetic markers correspond to genetic markers observed in
the DNA profile of Joy Thomas.” 
Therefore, both Spurlock and victim Thomas were included as possible
contributors of the DNA obtained from the towel.  Specifically, while the probability of
someone else as the major contributor was “1 in 402 billion” among the
Caucasian population group, “1 in 24.4 trillion” in the African-American group,
and “1 in 6.48 trillion” in the Hispanic group, the probability of another
female contributor was “1 in 13” for the Caucasian group, “1 in 9” in the
African-American group, and “1 in 23” in the Hispanic group.  Without any support in the record, Spurlock
complains that “the record shows . . . that [Spurlock and his wife] . . . engaged
in intercourse in the same bathroom when the residents were away from the main
house and there was a high probability that if the towel in question was tested
it would probably contain both their DNA.” 


            The error-preservation requirements
of Rule 33.1 of the Texas Rules of Appellate Procedure apply to motions for DNA
testing.  Shannon v. State, 116 S.W.3d 52, 55 (Tex. Crim. App. 2003); Baranowski v. State, 176 S.W.3d 671, 677 (Tex.
App.—Texarkana 2005, pet. ref’d); see Tex. R. App. P. 33.1. 
Spurlock’s specific complaint with respect to the towel, which included
alleged facts outside of the record, was not presented to the trial court.  

            Finally, even if Spurlock’s
assertions were taken as true, and even if the towel was retested and contained
biological material from which his wife could not be excluded as a contributor,
the results of the test would not be exculpatory (certainly with respect to
Alfred) and would not demonstrate that there was greater than a fifty percent chance
that Spurlock would not have been convicted. 
Prible,
245 S.W.3d at 467–68.  The bare assertion
that another person’s DNA might be found at the crime scene, without more, is
not exculpatory evidence sufficient to find that a trial court erred in
ordering DNA testing.  See Prible,
245 S.W.3d at 470 (“without more, the presence of another [alleged
perpetrator’s] DNA at the crime scene would not constitute affirmative evidence
of the appellant’s innocence” requiring relief under Chapter 64); Bell, 90 S.W.3d at 306.  

            For the reasons stated above, we
affirm the trial court’s judgment. 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date
Submitted:          August 22, 2011

Date
Decided:             September 2, 2011

 

Do
Not Publish

 











[1]Spurlock
has filed a single brief appealing his conviction in this cause and in our
cause number 06-11-00050-CR.  

 





[2]A convicted person who pled guilty may submit a motion
for post-conviction DNA testing.  Tex. Code Crim. Proc. Ann. art.
64.03(b) (West Supp. 2010).  

 





[3]In
cause numbers 06-10-00214-CR and 06-10-00215-CR, Spurlock appealed the trial
court’s decision to deny appointment of counsel in the underlying cases with respect
to the filing of the motion for post-conviction DNA testing.  We dismissed these appeals for want of
jurisdiction.  The clerk’s record in this
appeal and in our cause number 06-11-00050-CR are slim and do not contain the
motion for DNA testing or evidence corroborating Spurlock’s plea.  Therefore, we take judicial notice of the
clerk’s records in cause numbers 06-10-00214-CR and 06-10-00215-CR to supply us
with the motion appealed from in this case, as well as other matters contained
therein.