

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-15-00469-CR

GREGORY MCCAIN                                                APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 0681565D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Gregory McCain appeals, pro se, the trial court's denial of his motion for DNA testing. We affirm.

## Background

Appellant pleaded no contest to aggravated assault with a deadly weapon in February 1999 pursuant to a plea-bargain agreement and was placed on

---

[1]*See* Tex. R. App. P. 47.4.

deferred adjudication, with various conditions, for a period of six years. In May 1999, the trial court found that Appellant violated the conditions of his deferred adjudication, adjudicated him guilty of aggravated assault with a deadly weapon, and sentenced him to 20 years' confinement. His conviction was affirmed on appeal by this court. *McCain v. State*, No. 02-99-00330-CR, slip op. at 1 (Tex. App.—Fort Worth July 20, 2000, no pet.) (not designated for publication).

Since his conviction, Appellant has filed four motions for DNA testing.[2] The first was denied by the trial court on October 17, 2001. The second motion for DNA testing was denied by the trial court on July 1, 2013, and his appeal of that denial was dismissed by this court for want of jurisdiction. *See McCain v. State*, No. 02-13-00459-CR, 2013 WL 6157123 (Tex. App.—Fort Worth Nov. 21, 2013, no pet.) (not designated for publication). His third motion for DNA testing was denied August 5, 2014.[3]

---

[2]Appellant also filed four applications for writ of habeas corpus and each of them was dismissed by the court of criminal appeals. *See Ex parte McCain*, WR-61,091-05, No. C-2-01-0019-0681565-D (Tex. Crim. App. Nov. 20, 2013); *Ex parte McCain*, WR-61-091-04, No. C-2-009438-0681565-C (Tex. Crim. App. Nov. 23, 2011); *Ex parte McCain*, WR-61,091-02, No. C-2-009238-0681565-B (Tex. Crim. App. Mar. 30, 2011); *Ex parte McCain*, WR-61-091-01, No. C-2-006868-0681565-A (Tex. Crim. App. Oct. 26, 2005).

[3]Appellant attempted to appeal the trial court's oral denial of his motion but we dismissed his appeal for lack of jurisdiction because a written order had not yet been entered. *See McCain v. State*, No. 2-13-00599-CR, 2014 WL 670640 (Tex. App.—Fort Worth Feb. 20, 2014, no pet.) (mem. op., not designated for publication).

Appellant's fourth motion for DNA testing, the subject of this appeal, was denied by the trial court on December 2, 2015. The trial court adopted the "State's Proposed Memorandum, Findings of Fact and Conclusions of Law" by written order signed December 2, 2015. In its order adopting the State's memorandum, the trial court stated that it was denying Appellant's fourth motion for DNA testing "because no evidence containing biological material exists in a condition making DNA testing possible." The court further found that there were "no reasonable grounds for the motion to be filed because no evidence exists containing biological material" and therefore declined to appoint an attorney to represent Appellant.

**Discussion**

A convicting court may order postconviction forensic DNA testing only if the court finds that the evidence "still exists and is in a condition making DNA testing possible." Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(i) (West Supp. 2016). In reviewing the trial court's ruling on a postconviction request for forensic DNA testing, we give "almost total deference" to the trial court's resolution of questions of historical fact and application-of-law-to-fact issues that turn on witness credibility and demeanor, but we consider de novo all other application-of-law-to-fact questions. *Routier v. State*, 273 S.W.3d 241, 246 (Tex. Crim. App. 2008). We therefore defer to the trial court's findings when reviewing whether

3

the claimed DNA evidence exists and is in a condition to be tested. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).[4]

The trial court found that Appellant was indicted for sexual assault of a child occurring on September 27, 1997. Although the assault took place on September 27, 1997, the child was not examined until December 10, 1997. The trial court further found that the White Settlement Police Department never collected any evidence, and that there was no evidence containing biological material to test in this case. These findings were supported by an affidavit by the property/evidence custodian for the White Settlement Police Department, which stated that the agency "was never in possession of any evidence" related to Appellant's case. *See Lewis v. State*, 191 S.W.3d 225, 228 (Tex. App.—San Antonio 2005, pet. ref'd) ("Affidavit testimony from a relevant witness that no biological evidence from the case is maintained or possessed is sufficient, absent any contrary evidence, to support denial of a motion for forensic DNA testing.") (citing *Shannon v. State*, 116 S.W.3d 52, 55 (Tex. Crim. App.), *cert. denied*, 543 U.S. 829 (2003)).

In fact, in his brief Appellant admits that there is no evidence to test by asserting that there "was never any evidence in this case," that "without a doubt, . . . there isn't any evidence in this case." Appellant does not specify at any point what he is requesting be tested for DNA, but does refer to "the weapon

---

[4]Such a determination may be made without an evidentiary hearing before the trial court. *Id.* at 58–9.

involved" in his original motion. Nevertheless, the trial court found that there was "no evidence containing biological material [in existence] in a condition making DNA testing possible."

Appellant's brief seems to complain more about the overall sufficiency of the evidence to support his conviction, rather than focusing on the denial of his motion for DNA testing.[5] But in this case our jurisdiction is limited to the immediate issue of the denial of his motion for DNA testing, and specifically to the trial court's determination of whether any evidence exists. *See Reger*, 222 S.W.3d at 513 (holding that chapter 64 of the code of criminal procedure does not confer jurisdiction upon this court "to entertain collateral attacks on the trial court's judgment or to review, under the guise of a DNA testing appeal, anything beyond the scope of those articles"). We therefore decline to address Appellant's complaints as to the sufficiency of the evidence supporting his conviction.

Appellant has not shown that any evidence exists to test for DNA and, in fact, admits that no such evidence exists. If evidence does not exist, the trial court cannot order DNA testing. *Id.* at 514; Tex. Code Crim. Proc. Ann. art.

---

[5]Appellant's brief raises other issues that are outside the scope of this appeal, including "prosecutorial misconduct," "vindictive/selective prosecution," hiding or tampering with evidence, and challenges to the indictment made against him in the original case. We decline to address these issues, as we do not have the jurisdiction to do so. *Reger v. State*, 222 S.W.3d 510, 513 (Tex. App.—Fort Worth 2007, pet. ref'd), *cert. denied*, 552 U.S. 1117 (2008). We also note that we previously overruled Appellant's challenges to the indictment. *McCain*, No. 02-99-00330-CR, slip op. at 3–8.

64.03(a)(1)(A)(i).  We therefore overrule Appellant's only addressable issue and affirm the trial court's order denying Appellant's motion for DNA testing.

## Conclusion

Having overruled Appellant's only addressable issue, we affirm the trial court's order denying Appellant's motion for forensic DNA testing.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 26, 2016

6