

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00095-CR

_____

LEE VERT SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 06-F0743-005

Before Morriss, C.J., Moseley and Carter,* JJ.
Memorandum Opinion by Chief Justice Morriss

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

In 2008, Lee Vert Smith pled guilty to and was convicted of aggravated sexual assault of a child. Pursuant to a plea agreement, Smith was sentenced to twenty-five years' imprisonment. In February 2016, Smith filed a post-conviction motion for DNA testing of evidence gathered during the victim's examination by a Sexual Assault Nurse Examiner (SANE). In response, the State denied that any evidence was gathered during the SANE examination. The trial court denied Smith's motion, prompting this appeal.[1]

"We review a trial court's denial of a motion for post-conviction DNA testing under a bifurcated process." *Watkins v. State*, 155 S.W.3d 631, 633 (Tex. App.—Texarkana 2005, no pet.) (citing *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (citing *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997))). "We afford almost total deference both to the trial court's determination of historical fact and to its application of law-to-fact issues that turn on credibility and demeanor." *Id.* (citing *Rivera*, 89 S.W.3d at 59; *Green*, 100 S.W.3d at 344). "But we review de novo all other application[-]of[-]law-to-fact issues." *Id.* (citing *Rivera*, 89 S.W.3d at 59; *Green*, 100 S.W.3d at 344).

Motions for post-conviction DNA testing are subject to the requirements of Article 64.03(a), which authorizes forensic DNA testing only if the court finds that the evidence "still exists and is in a condition making DNA testing possible." TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(A)(i) (West Supp. 2016). In support of its response to Smith's motion, the State

---

[1] Smith was convicted of another count of aggravated sexual assault of a child in companion cause number 06-16-00096-CR, and he appeals the denial of an identical motion for DNA testing filed in that case.

attached the affidavit of Sara Tacker, a custodian for the Texarkana Texas Police Department (TTPD), in which she averred that the TTPD was "never in possession of any evidence relating to" Smith's case.

On appeal, Smith does not contest the State's position that the SANE examination produced no evidence that can be tested.[2] "Affidavit testimony from a relevant witness that no biological evidence from the case is maintained or possessed is sufficient, absent any contrary evidence, to support denial of a motion for forensic DNA testing." *Lewis v. State*, 191 S.W.3d 225, 228 (Tex. App.—San Antonio 2005, pet. ref'd) (citing *Shannon v. State*, 116 S.W.3d 52, 55 (Tex. Crim. App. 2003)). We conclude that the response filed by the State was sufficient to enable the trial court to determine that no evidence still exists for DNA testing, and, thus, that the trial court did not err in overruling Smith's motion for DNA testing.

---

[2]Instead, Smith now requests testing of items of clothing, a thong, and a silk robe contained in the TTPD's property records. From our record, it is unclear whether these items of clothing belonged to the victim or Smith's girlfriend, but it appears that Smith "walked around the apartment wearing" the thong and the silk robe. In any event, Smith's motion for DNA testing did not request testing of these items, and the trial court has not ruled on such a request.

Citing to *Smith v. State*, 165 S.W.3d 361, 365 (Tex. Crim. App. 2005), Smith argues that he was not required to request DNA testing of the clothing in order to preserve error on appeal because his motion for DNA testing also contained an actual innocence claim. The *Smith* case does not support Smith's argument. Once a defendant meets the threshold requirement of demonstrating that an item he wants tested exists under Article 64.03(a)(1), Article 64.03(a)(2) also requires him to show, by a preponderance of the evidence, that he "would not have been convicted if exculpatory results had been obtained through DNA testing." TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(2)(A) (West Supp. 2016). The court of appeals' decision in *Smith* determined that the defendant did not bring forth sufficient facts to meet the Article 64.03(a)(2) requirement, even though his motion for DNA testing stated that he was actually innocent. In reversing the court of appeals, the Texas Court of Criminal Appeals held in *Smith* that a plea of actual innocence in a pro se motion for DNA testing is "equivalent to an assertion that there is at least a 51% chance that [the defendant] would not have been convicted," and is sufficient to meet the requirements of Article 64.03(a)(2). *Smith*, 165 S.W.3d at 365. *Smith* does not absolve a defendant from asking the trial court for DNA testing of certain items before he can complain on appeal that the items were not tested.

A point of error on appeal must complain of a ruling by the trial court. Because the trial court has not had an opportunity to determine whether DNA testing of the clothing is required, we do not address Smith's complaint at this juncture. *See* TEX. R. APP. P. 33.1.

We affirm the trial court's denial of Smith's motion for DNA testing.

Josh R. Morriss, III
Chief Justice

Date Submitted:     November 22, 2016
Date Decided:     December 9, 2016

Do Not Publish