NO. 07-08-0190-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 17, 2009
_____

ENEDELIA A. SEPEDA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-402,461; HON. BRAD UNDERWOOD, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant Enedelia A. Sepeda was convicted of murder upon her plea of guilty and confession in support thereof. Pursuant to a plea bargain, the trial court sentenced her to forty years imprisonment. On November 27, 2007, she filed a motion for post-conviction DNA testing. Without a hearing but after reviewing the affidavits and reports attached to

appellant's motion, the trial court denied the request. Appellant appeals from that denial, and we affirm the trial court's decision.[1]

In her motion, appellant sought to have fingernail scrapings from the deceased's body and the posts of two gold earrings recovered from the floor of the deceased's residence subjected to DNA testing on the basis that it had not previously been subjected to such tests. Appellant argues that 1) art. 64.02 of the Code of Criminal Procedure denies her due process rights, 2) the trial court abused its discretion in denying the motion when the State failed to file a response and she was held to a higher standard of proof than required by the statute, and 3) the trial court abused its discretion in failing to conduct a hearing on the motion when the State failed to file a response.

*Issue 1 - Due Process*

Appellant argues that she was denied due process by the trial court overruling her motion without first requiring the State to file a response. This argument is based on art. 64.02(a) of the Code of Criminal Procedure which provides that, on receipt of the motion, the court is to require the attorney representing the State, not later than the 60th day after the motion is served, to either deliver the evidence to the court along with a description of the condition of the evidence or explain in writing why the State cannot deliver the evidence. TEX. CODE CRIM. PROC. ANN. art. 64.02(a)(2) (Vernon Supp. 2009). The State did not file a response in this instance; nor did the trial court enter an order requiring it to do so. We nonetheless overrule the issue.

_____

[1] That appellant pled guilty to and admitted committing the crime does not prevent her from requesting DNA testing. TEX. CODE CRIM. PROC. ANN. art. 64.03(b) (Vernon Supp. 2009). Given that the same statute requires the identity of the culprit to be at issue in the case, *id.* art. 64.03(a)(1)(B) and that voluntarily confessing to committing the crime logically vitiates any reasonable doubt about who did it, one is left to wonder about the purpose underlying art. 64.03(b).

First, we do not find in the record where appellant made this complaint to the trial court. Even constitutional claims of due process may be waived. *Adams v. State,* 132 S.W.3d 701, 701-02 (Tex. App.–Amarillo 2004, no pet.). Because appellant failed to raise this matter below, she waived it. *Shannon v. State,* 116 S.W.3d 52, 54-55 (Tex. Crim. App. 2003).

Even if not waived, the statute allows the trial court to proceed after the response period expires and regardless of whether the State filed a response. *Id.* art. 64.02(b); *see also Whitaker v. State,* 160 S.W.3d 5, 9 (Tex. Crim. App. 2004) (stating that the trial court may make findings for or against the movant regardless of whether a response has been filed by the State). So, the very same procedure that purportedly creates the due process right invoked by appellant actually gives her no such right.

Nor can we see how appellant was harmed by any failure of the State to respond since the trial court made findings that the DNA evidence still existed, was in a condition that would make DNA testing possible, and had been subjected to a chain of custody sufficient to establish that it had not been substituted, tampered with, replaced, or altered in any material respect. These findings not only favor appellant but also address the matters to which the State would have been required to respond.

Finally, we reject the notion that the State's failure to respond *ipso facto* entitles appellant to testing. Contrary to appellant's analogy, that is not what happens in summary judgment practice; there, the movant must still show he is entitled to judgment as a matter of law. *In re Marriage of Noonan,* 280 S.W.3d 339, 342 (Tex. App.–Amarillo 2008, pet. denied).

*Issue 2 - Abuse of Discretion*

Appellant also contends that the trial court abused its discretion in denying the motion without requiring the State to respond as statutorily prescribed. This complaint was also waived since it was not raised before the trial court. *Shannon v. State,* 116 S.W.3d at 54-55.

Yet, even if it was not waived, it still lacks merit. To support her argument, she relies upon *Alvarado v. State,* No. 2-02-451-CR, 2003 Tex. App. LEXIS 7596 (Tex. App.–Fort Worth August 28, 2003, no pet.) (not designated for publication). There, unlike here, the State sent an unsworn letter to the court in which it stated that the evidence was unavailable. The court of appeals found this explanation to be inadequate to support the trial court's denial of the motion. *Id.* at *7. Here, the trial court denied the motion because appellant failed to establish a reasonable probability that she would not have been convicted at trial had the DNA results been available. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(2)(A) (Vernon Supp. 2009) (stating that the convicting court may order forensic DNA testing only if the convicted person establishes by a preponderance of the evidence that the person would not have been convicted if exculpatory results had been obtained through DNA testing). Thus, our situation differs in one important aspect from that in *Alvarado*; our trial court addressed the merits of the request.

Appellant further contends that she was held to a higher standard of review than was proper. This contention is based on the trial court's statement that a "negative test result from the examination of the [v]ictim's fingernail scrapings would not *conclusively* show that the Defendant was not the individual who committed the act." (Emphasis

4

added). Appellant notes that under the statute, she is only required to prove by a "preponderance of the evidence" that she would not have been convicted. Yet, in the same conclusion referenced by appellant, the trial court also wrote that appellant "can not sustain her burden of showing a reasonable probability that she would not have been convicted at trial had she had exculpatory DNA results." That is the correct standard. *See Rivera v. State,* 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). Moreover, it was reiterated elsewhere in the trial court's conclusions of law. We therefore do not believe appellant was held to a higher standard than allowed.

Moreover, our own review of the record supports the trial court's conclusion that there existed much less than a reasonable probability that testing would have resulted in a different outcome. Even if the evidence was favorable to appellant (meaning that appellant's DNA was not obtained in the fingernail scrapings), that alone falls far short of creating a reasonable inference that someone else killed the decedent, given the circumstances here. *See Prible v. State,* 245 S.W.3d 466, 470 (Tex. Crim. App. 2008), *cert. denied,* ___ U.S. ___, 129 S.Ct. 54, 172 L.Ed.2d 55 (2008) (stating that the mere presence of another person's DNA at the crime scene does not constitute affirmative evidence of the defendant's innocence). This is especially so given the affidavits and reports appended to her motion as well as her own confession. So we overrule appellant's second issue.

*Issue 3 - Failure to Hold Hearing*

Finally, appellant complains of the trial court's failure to hold a hearing. She asserts she was entitled to one because the State did not file a response. Because this issue was

not raised below, it too was waived.  Moreover,  the trial court need not hold a hearing until after examining the results of forensic testing, TEX. CODE CRIM. PROC. ANN. art. 64.04 (Vernon 2006).  Nor is it required to order testing until the movant establishes the exculpatory nature of the test result.  *Id.* art. 64.03(a)(2)(A) (Vernon Supp. 2009); *see also Whitaker v. State,* 160 S.W.3d at 8-9 (stating that Chapter 64.03 does not require a hearing of any sort).  Because appellant did not clear the first hurdle, she cannot complain about being deprived of the chance to reach the second.

Accordingly, the order of the trial court is affirmed.


Brian Quinn
Chief Justice


Publish.