Affirmed and Memorandum Opinion filed March 18, 2010



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-08-00773-CR



 

Lionel Newman, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 1043620



 

MEMORANDUM OPINION

A jury found appellant, Lionel Newman, guilty of
burglary of a habitation, and the trial court sentenced him to thirty-five
years’ confinement.  Appellant challenges the trial court’s denial of his
post-conviction motion for DNA testing.  Because all dispositive issues are
settled in Texas law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.

I.   Background

With due consideration for judicial economy, we
repeat the factual background from our earlier opinion wherein we affirmed the
trial court’s judgment: 

On the morning of May 6, 2000, Dr. Victor Zurita, complainant, awoke
when he heard the sound of glass breaking on the first floor of his home.  He
went downstairs to investigate. He saw an African-American man entering his
house through a broken window with one arm and one leg inside the house.  Zurita
yelled at him, “Get away.”  The man took off running through the garage.  Zurita
heard a car drive away.  Zurita woke up his wife and sister-in-law who were
also sleeping in the house.  His wife called the police.

Houston Police Officer Steven Derrick arrived twenty minutes later.  Zurita
went with Officer Derrick to search the back of the house, where the broken
window was located.  They observed that the garage door was open and saw an old
computer, monitor, and large toy car neatly stacked outside the garage.  Zurita
testified that the garage door was closed and unlocked the night before and the
computer, monitor, and toy car were inside the garage. Officer Derrick observed
fingerprints on the broken window. Officer John Gray, a Houston police
fingerprint analyst, came to the scene to recover the prints on the glass from
the broken window.  Officer Rafael Saldiver, a latent print examiner for the
Houston police, reviewed the prints and determined they matched appellant’s
fingerprints.

Newman v. State, No. 14-05-01125-CR, 2007 WL
1437624, at *1 (Tex. App.—Houston [14th Dist.] May 17, 2007, pet. ref’d) (mem.
op., not designated for publication).  Subsequent to issuance of the above-cited
opinion, appellant filed a writ of habeas corpus, which was ultimately denied
by the Court of Criminal Appeals without written order.  Ex Parte Newman,
32, 652-08 (Oct. 15, 2008).[1]


In
December 2007, appellant filed a pro se “Motion for Forensic DNA Testing”
in the trial court.  In his motion, appellant argued that the State is in
possession of biological evidence subject to DNA testing.  He based this claim
on the following: (1) the complainant’s testimony that the person who broke
into his house apparently cut himself because there was broken glass and “a lot
of blood”; and (2) the crime scene investigator’s testimony he recovered ten
large pieces of broken glass at the scene.  

An attorney
was appointed to represent appellant, and his motion was forwarded to the State
in February 2008.  In June 2008, the State filed a “Motion Requesting Court to
Deny DNA Testing.”  Following a hearing, the trial court signed an order denying
appellant’s motion and adopting the State’s proposed findings of fact and
conclusions of law.  

II.   Analysis

            In his first
issue, appellant contends the trial court erred by denying his post-conviction
motion for DNA testing.  

            We review a
trial court’s denial of a request for post-conviction DNA testing under a bifurcated standard.  See
Esparza v. State, 282 S.W.3d 913, 921 (Tex. Crim. App. 2009).  We defer to
the trial court’s findings of fact when they are supported by the record.  Id. 
We also defer to the trial court’s application of law to fact questions that
turn on credibility and demeanor.  Id.  However, we review pure legal
issues de novo.  Id.

“A
convicted person may submit to the convicting court a motion for forensic DNA
testing of evidence containing biological material. The motion must be
accompanied by an affidavit, sworn to by the convicted person, containing
statements of fact in support of the motion.”  Tex. Code. Crim. Proc. art.
64.01(a) (Vernon 2006 & Supp.  2009).  The convicting court may order DNA
testing only when it finds evidence “(i) still exists and is in a condition
making DNA testing possible; and (ii) has been subjected to a chain of custody
sufficient to establish that it has not been substituted, tampered with,
replaced, or altered in any material respect[.]”  Id. art.
64.03(a)(1)(A) (Vernon 2006 & Supp. 2009).

Attached
to the State’s “Motion Requesting Court to Deny DNA Testing” were affidavits of
a clerk from the Harris County District Clerk’s Office and custodians from the
Crime Laboratory Office-Property Room and Latent Laboratory of the Houston
Police Department.  The State argued these “affidavits reflect that the State
is not in possession of evidence containing any biological matter which can be
subjected to forensic DNA testing.”  In its findings of fact and conclusions of
law, the trial court expressed that appellant “fail[ed] to meet the requirement
of Article 64.03(a)(1) . . . by showing that evidence still exists and is in a
condition making DNA testing possible.”  See Cravin v. State, 95 S.W.3d
506, 511 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d) (trial court did not
err in finding that no DNA evidence existed because State’s response explained
district clerk and sheriff’s department did not possess any evidence).  

On
appeal, appellant presents the following argument pertaining to the finding that
no testable evidence exists: 

Even if
there is no substance to test, that factor should be presented to a trier of
fact as evidence the State failed in its burden to prove beyond a reasonable
doubt the Appellant committed the offense.  As blood evidence was available, as
a matter of justice, the State should be required to seize that evidence and
have it tested.  The lack of collection of available evidence and having it
tested to prove or disprove the Appellant’s guilt is imperative where a
person’s liberty is at stake.   

Appellant cites no
authority for the proposition that we should order the State to locate and test
blood evidence it never collected.[2] 
Accordingly, appellant does not demonstrate that the trial court erred in failing
to compel the State to produce a testable amount of blood evidence.  We
overrule appellant’s first issue.  

In his
second issue, appellant contends the trial court’s denial of his motion for DNA
testing deprived him of an opportunity to challenge the factual sufficiency of
evidence supporting his conviction.  Specifically, appellant argues, “Had DNA
testing been performed revealing evidence of someone else’s DNA, [appellant]
would have a basis for raising factual sufficiency of the evidence.”  Because appellant
failed to establish that the trial court erred in denying his post-conviction
motion for DNA testing, we cannot hold he has been impermissibly deprived of
the opportunity to challenge factual sufficiency of the evidence supporting his
conviction.  Accordingly, we overrule appellant’s second issue. 

            We affirm the
trial court’s order.

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

Panel consists of Justices Yates,
Seymore, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] Appellant was also denied habeas relief in federal
court.  See generally Newman v. Thaler, Civil Action No.
H-09-0797, 2009 WL 3602074 (S.D. Tex. Oct. 27, 2009).  





[2]
Furthermore, appellant waived his argument that denial of his motion resulted
in a due-process violation because he failed to raised in the trial court.  See
Tex. R. App. P. 33.1(a); Sepeda v. State, 301 S.W.3d 372, 374 (Tex.
App.—Amarillo 2009, no pet.) (“Even constitutional claims of due process may be
waived.”).