In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00186-CR

                                                ______________________________

 

 

                                       JERRARD MCGARY,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 5th Judicial District Court

                                                             Bowie County, Texas

                                                       Trial Court
No. 09F0377-005

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Convicted
in 1997 of murdering[1]
his wife, Jerrard McGary has most recently had the Fifth Judicial District
Court in Bowie County, Texas, deny what appears to be McGary’s third motion[2]
to have DNA testing done on evidence connected to the crime.  McGary appeals pro se.  We affirm the ruling of the trial court
because (1) McGary has not shown that, even if the desired DNA evidence tested
in his favor, it would exculpate him; (2) the trial court denied McGary’s
latest DNA motion using both prior and current statutory standards; (3) the
trial court could have reasonably found lack of reasonable grounds to appoint a
new attorney for McGary; and (4) we may not address McGary’s complaint
concerning 2007 trial testimony.

            At his 1997
trial, McGary essentially argued self-defense: 
he stated that his wife attacked him with a kitchen knife; and, while he
was trying to take the knife away from her, she was cut several times.  He stated that, when he left the house
shortly thereafter, she was alive.  Now,
thirteen years later, he posits that some unknown boyfriend may have then
appeared after he left and delivered the fatal blow.  After considering McGary’s motion to appoint
an expert and to order DNA testing, the trial court denied the motion.

(1)        McGary
Has Not Shown that, Even if the Desired DNA Evidence Tested in His Favor, It
Would Exculpate Him

 

            McGary
contends that the trial court erred by failing to order the State to deliver
the evidence containing the testable material to the court or to explain why it
could not be delivered.  He argues that
the State acted in bad faith, as demonstrated by its direction to the Texarkana
Crime Laboratory to destroy the evidence, and by its failure to adequately
explain its inability to deliver the evidence.

            McGary
correctly points out the statute’s requirement that, on receipt of such a
motion, the trial court is to direct the State either to deliver the evidence
to the court or to explain why the State cannot.  See
Tex. Code Crim. Proc. Ann. art.
64.02(a)(2) (Vernon 2006).  But McGary’s
complaint that the State did not respond in this instance was waived since the
complaint was not raised with the trial court. 
Shannon v. State, 116 S.W.3d
52, 54–55 (Tex. Crim. App. 2003); Sepeda
v. State, 301 S.W.3d 372, 375 (Tex. App.—Amarillo 2009, no pet.).  Although the record in this appeal contains
no copy of any response by the State, the first order denying testing clearly
recites that the State had provided a response and that the State had informed
the court that, “as no appeal was filed after McGary’s conviction, the police
department destroyed evidence in their possession associated with this case
including all vaginal swabs and any blood evidence.”  

            Unfortunately,
that information provided to the trial court by the State appears to be at
least partially incorrect.  Some of the
evidence—previously sent for testing and not returned to the State—apparently
has not been destroyed.  To the second
motion for DNA testing, McGary’s counsel attached a letter, dated March 2,
2006, from the Southwest Institute for Forensic Sciences (SIFS) in Dallas,
Texas, which listed several biological specimens that had been transferred
there for analysis and that were still there.

            In the most
recent motion for DNA testing, McGary asked the court to order DNA testing on semen
found in the victim’s vagina; the bite mark on the victim’s breast; blood said
to have been detected on McGary’s pants, shirt, and right shoe; and hairs or
fibers collected in coin envelopes. 
Unlike the first motion, the current motion is supported by an affidavit
that sets out the type of evidence involved and what McGary believes to be its
current location and the chain of custody related to the items.

            Article
64.03(a)(1)(A) provides that forensic DNA testing may be ordered only if:

 

            (1)        the court finds that:

 

            (A)       the evidence:

 

            (i)         still exists and is in a condition
making DNA testing possible; and

 

            (ii)        has been subjected to a chain of custody
sufficient to establish that it has not been substituted, tampered with,
replaced, or altered in any material respect; and

 

            (B)       identity was or is an issue in the case;
and

 

            (2)        the convicted person establishes by a
preponderance of the evidence that:

 

            (A)       the person would not have been convicted
if exculpatory results had been obtained through DNA testing; and

 

            (B)       the
request for the proposed DNA testing is not made to unreasonably delay the
execution of sentence or administration of justice.

 

Tex. Code Crim. Proc.
Ann. art. 64.03(a) (Vernon Supp. 2009). 
While some of the elements may arguably be satisfied,[3]
at least one element—showing that McGary’s hoped-for DNA results would net him
an acquittal—fails.

            McGary now posits that his wife may
have had an unidentified boyfriend who came by the house and finished stabbing
her to death almost immediately after McGary left her cut and bleeding, but
alive.  Although this chain of events and
the existence of a murderous boyfriend are theoretically possible, the
likelihood of this combination of factors, based on analysis of the information
provided, is miniscule.  Indeed, it is
very little more than pure speculation. 
Also, the evidence McGary seeks to have tested would not exculpate
McGary, but may merely place an added person at the scene of the crime.

            In Bell v. State, 90 S.W.3d 301 (Tex. Crim.
App. 2002), the Texas Court of Criminal Appeals reviewed a claim similar to
McGary’s in which the appellant sought to demonstrate the possibility of his
innocence by proving that someone else’s DNA was at the scene of the
crime.  The court determined in Bell that, without more, the presence of
another person’s DNA at the crime scene would not constitute affirmative
evidence of the appellant’s innocence and that, therefore, the denial of DNA
testing did not violate the appellant’s due-process rights.  Id.
at 306.              Expanding
on that reasoning, the Texas Court of Criminal Appeals has since pointed out
that the identity requirement in Chapter 64 relates to the issue of identity as
it pertains to the DNA evidence.  “Therefore,
if DNA testing would not determine the identity of the person who committed the
offense or would not exculpate the accused, then the requirement of Article
64.03(a)(2)(A) has not been met.”  Prible v. State, 245 S.W.3d 466, 470
(Tex. Crim. App. 2008).

            Our task
under Chapter 64 of the Texas Code of Criminal Procedure is to determine
whether a defendant would have been convicted if the results of requested DNA
testing are exculpatory.  See Tex.
Code Crim. Proc. Ann. art. 64.03(a)(2). 
For purposes of this inquiry, we assume that the results of the DNA
testing would prove favorable to appellant. 
See Routier v. State, 273
S.W.3d 241, 257 (Tex. Crim. App. 2008); In
re Morton, No. 03-08-00585-CR, 2010 WL 45866 (Tex. App.—Austin Jan. 8, 2010,
no pet.). 

            Moreover, our own review of the
record supports the trial court’s conclusion that there existed much less than
a reasonable probability that testing would produce a different outcome.  Even if the testing provided the results
suggested by McGary, that alone falls short of creating a reasonable inference
that someone else killed the victim, given the circumstances here.  See
Prible, 245 S.W.3d at 470 (mere presence of another person’s DNA at crime
scene does not constitute affirmative evidence of defendant’s innocence); see also Sepeda, 301 S.W.3d at 376.

            In short,
evidence of another person’s DNA at the crime scene, in addition to McGary’s,
would not provide exculpatory evidence for McGary.  Thus, even if the evidence were retested and
determined to contain another person’s DNA, it would not establish by a
preponderance of the evidence that McGary would not have been convicted.  Indeed, it is equally arguable that proof of
the existence of a boyfriend would militate in favor of convicting McGary as
the furious husband who killed his straying spouse.  We overrule this contention of error.

(2)        The Trial Court Denied
McGary’s Latest DNA Motion Using Both Prior and Current Statutory Standards

 

            McGary
contends that the trial court erred by denying his 2009 DNA motion using the
old standards it had employed in denying his earlier motion.[4]  He argues this issue by detailing each issue
set out by the trial court in its order ruling on the prior motion, in which
the court explained the procedures and requirements involved in McGary’s
attempt to obtain DNA testing.

            The “Order
Denying Petitioner’s Second Motion for DNA Testing” is dated September 26,
2009.  In that order, the court points
out that the motion is identical to the one previously denied in a detailed
order—and that McGary had dismissed his appeal from the ruling denying the
earlier motion.  From this Court’s
records, we note that the prior appeal was dismissed at McGary’s request
September 10, 2009.[5]  The second motion was filed August 26, 2009,
while McGary’s appeal from the denial of the preceding motion was still pending
with this Court.

            Neither the
order that is the subject of this appeal, nor its predecessor that is
referenced by that order, were decided solely under the former statute.  The trial court explained its ruling clearly
reflecting a decision made based on both old and new versions of the
statute.  McGary’s complaint is refuted
by the trial court’s order.  We overrule
this issue.

(3)        The Trial Court Could Have Reasonably Found Lack of
Reasonable Grounds to Appoint a New Attorney for McGary

 

            McGary
argues that, before denying his motion for DNA testing, the trial court erred
by failing to appoint counsel, as required by Article 64.01(c) of the Texas
Code of Criminal Procedure.  This motion
raised the same issues as did his prior motion for DNA testing.  This motion contained some additional
information and an affidavit. 
Nevertheless, the court had seen and ruled on these issues and arguments
before.  The previous motion for DNA
testing was presented by retained counsel and was denied.  Appointed counsel then filed a brief stating
that the appeal from that ruling was frivolous; and, on demand by the
appellant, that appeal was withdrawn.

            The trial
court is required to appoint counsel if one is requested by an indigent and “the
court finds reasonable grounds for a motion to be filed.”  Tex.
Code Crim. Proc. Ann. art. 64.01(c) (Vernon Supp. 2009).[6]   The appellant had already sought DNA testing
on these grounds, lost, and dismissed his appeal, which means the prior ruling
against him had become final.  This
careful trial court had delineated, in exhaustive detail, multiple grounds for
denying the motion.  Although some
procedural frailties pointed out by the trial court were corrected, the
underlying substance of the motion remained unaltered.  Under these facts, it was within the
authority of the trial court to determine that the motion was not based on
reasonable grounds.[7]  Finding no error, we overrule this
contention.

(4)        We May Not Address McGary’s Complaint
Concerning 2007 Trial Testimony

 

            In his
appellate brief seeking DNA testing, McGary also attacks the admission of
testimony by Detective Bill Eubanks at his 1997 trial.  He argues that the detective’s testimony
about the crime scene and blood found there was inadmissible and, in a
wandering discussion, complains about the detective’s lack of personal
knowledge about the blood types involved, an unidentified serologist’s report
that was not introduced, but that was referred to by the detective, and the
lack of knowledge of DNA testing.  None
of these complaints has any relationship to the motion or ruling now on
appeal.  They are an attempt to now raise
issues that would have been appropriate only in a direct appeal from the 1997
conviction.  We may not address them.

            We affirm
the judgment.

 

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          July
1, 2010

Date Decided:             July 15, 2010

 

Do Not Publish











[1]After
his conviction, Jerrard McGary was sentenced to seventy-five years’
imprisonment.

 





[2]The
first case involving McGary that was filed with this Court was his petition for
writ of mandamus, filed October 8, 2008, in which he asked this Court to
instruct the trial court to rule on his motion for DNA testing so that it could
proceed.

                As
we noted in that case, it appears that McGary had filed a motion for DNA
testing in 2001, and counsel had been appointed in February 2002.  That counsel took no action.  In December 2002, and again in January 2003,
McGary pointed this out by letter and asked for replacement counsel.  That request was denied.  It appears that nothing happened thereafter,
until McGary’s family retained counsel. 
That attorney, James Volberding, on February 6, 2007, filed a
revised motion to appoint a DNA expert and to order DNA testing.  A hearing was conducted October 9, 2007, and
the State did not oppose the motion. 
Supplemental briefing was requested and provided before the end of
2007.  No ruling was issued, despite two
letters written to the judge, in March and May 2008, requesting a ruling.

                We
conditionally granted the mandamus November 8, 2008, and the trial court issued
a ruling, containing a lengthy opinion, denying the motion shortly
thereafter.  On December 5, 2008, McGary
appealed from that ruling.

                McGary’s
next counsel, Alwin Smith, filed a brief March 9, 2009, in which he stated that,
in his professional opinion, the appeal was frivolous.  After being granted four extensions of time
to file his pro se response, on September 3, 2009, McGary filed a motion
requesting withdrawal of his appeal.  We
granted his request and dismissed the appeal. 
See McGary v. State, cause number 06-08-00226-CR.

                It
appears that, during the pendency of that appeal, McGary filed another motion
for DNA testing.  The trial court denied
his motion, as effectively a duplicate of his prior (2007) motion.  The trial court correctly pointed out that
the motion presented in 2007 had been decided and that the ruling was
final.  However, we also note that the
statutory authority for DNA testing was amended substantially, with an
effective date of September 1, 2007. 
That means that the new motion would be analyzed under different rules
than was the one filed before the amendments.

 





[3]While
this record suggests that some of the evidence still exists, we have no
indication whether it is in a condition making DNA testing possible.  It would seem that chain of custody does not
present a problem—the remaining items have been traced into the hands of
SIFS.  While identity was not an issue at
trial—McGary admitted stabbing his wife—he now is attempting to show through DNA
testing that his stabbings did not kill her, that is, that the identity of the
real killer is in issue now.  McGary’s
arguments suggest he would maintain that his testing request was not made for
unreasonable delay.

 





[4]In
attempting to determine the actual nature of McGary’s current complaint, we
refer directly to McGary’s brief, which sets out this issue as follows:

 

Trial Court errored [sic] in
denying Appellant’s Motion for DNA Testing With Brief In Support under the June
2001 DNA standards when in fact his Motion for DNA Testing With Brief In
Support was filed under the September 1, 2003 standards of Chapter 64, of Tex.
Code of Crim. Procedure.

 

McGary reiterates the nature of his claim as set out
above at the beginning of his discussion of his second point.





[5]McGary v. State, cause number 06-08-00226-CR. 
Our mandate issued November 4, 2009.





[6]An
order denying a request for appointed counsel to assist in filing a motion for
post-conviction DNA testing is not immediately appealable, and is properly
raised on denial of the motion filed without assistance of counsel.  Gutierrez
v. State, 307 S.W.3d 318, 322 (Tex. Crim. App. 2010).

 





[7]See id.;
Bates v. State, No. 01-08-00580-CR,
2010 WL 1839941 (Tex. App.—Houston [1st Dist.] May 6, 2010, no pet. h.); Blake v. State, 208 S.W.3d 693, 695
(Tex. App.—Texarkana 2006, no pet.).








 to "read between the
lines, infer or glean from the pleadings or the proof" any grounds for granting summary judgment
other than those grounds expressly set forth in the motion for summary judgment. McConnell, 858
S.W.2d at 343; Mott v. Red's Safe & Lock Servs., Inc., 249 S.W.3d 90, 98 (Tex. App.--Houston [1st
Dist.] 2007, no pet.) (motion which alleged there was no evidence the product "was unfit for the
purposes for which it was intended . . . ." was insufficient to challenge existence of product defect
or unreasonably dangerous condition). Because Wal-Mart failed to challenge the evidence
concerning a safer alternative design in its summary judgment motion, summary judgment could not
be granted on that basis. Further, we note Dr. Beyler stated incandescent and flourescent bulbs do
not generate temperatures as high as halogen bulbs. Lentini and Phillips both testified similar lamps
with incandescent bulbs were available.