

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00263-CR

JEROME DIEGO BROWN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jerome Diego Brown appeals from the trial court's denial of his motion for post-conviction DNA testing. In three issues, he argues the trial court erred by considering affidavit evidence and by failing to hold a hearing on his motion. We overrule the issues and affirm the trial court's denial.

On June 4, 1993, Officer J.M. Smith saw Appellant drop what appeared to be narcotics on the ground. Officer Smith approached Appellant and performed

---

[1]*See* Tex. R. App. P. 47.4.

a pat-down search. Appellant began to struggle, causing Officer Smith and Appellant to fall to the ground. Appellant snatched Officer Smith's gun and shot him in the leg. Appellant fled, but was apprehended in the attic of a nearby building. Officer Smith's gun was found in the attic. Appellant's sister and two other women saw Appellant shoot Officer Smith. Another witness, LaAndrela Harris, heard gunshots and saw Appellant, whom she knew, holding a gun over Officer Smith's body. Appellant admitted shooting Officer Smith, but asserted it was an accident: "Apparently I shot at the ground with his gun and he rolled over and the bullet hit him."

On April 29, 1996, Appellant pleaded guilty under a plea-bargain agreement to aggravated assault on a police officer with a per se deadly weapon. *See* Tex. Penal Code Ann. § 22.02 (West 2011). The trial court sentenced Appellant to 32 years' confinement. Appellant did not appeal his conviction.

On January 2, 2004,[2] Appellant filed a pro se motion for post-conviction DNA testing and requested appointment of counsel. *See* Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 2 (amended 2011) (current version at Tex. Code Crim. Proc. Ann. art. 64.01(a) (West Supp. 2012)). The trial court appointed counsel for purposes of filing a motion for post-conviction DNA

---

[2]The date Appellant filed his pro se motion determines the version of the applicable statute that is relevant to Appellant's arguments. *See* Act of April 25, 2003, 78th Leg., R.S., ch. 13, § 8, 2003 Tex. Gen. Laws 16, 17 (effective date may also be found at Tex. Code Crim. Proc. Ann. art. 64.01 historical & statutory notes (West 2006 & Supp. 2012)).

testing. *See* Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3, *amended by* Act of April 25, 2003, 78th Leg., R.S., ch. 13, § 1, 2003 Tex. Gen. Laws 16, 16 (amended 2007) (current version at Tex. Code Crim. Proc. Ann. art. 64.01(c) (West Supp. 2012)). On March 25, 2011, appointed counsel filed a request for DNA testing. After receiving notice of Appellant's motion, the State responded that the police officer's pants were available for DNA testing.[3] *See* Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3 (amended 2007) (current version at Tex. Code Crim. Proc. Ann. art. 64.02 (West Supp. 2012)). Without holding a hearing, the trial court adopted the State's proposed findings of fact and conclusions of law and denied Appellant's motion. The trial court reasoned that identity was not an issue: "Based on the totality of the evidence, including [Appellant's] plea, confession, and admissions, identity as to who committed the offense is not and was not at issue." The trial court clarified that its conclusion that identity was not at issue was not based solely on Appellant's plea, confession, and admission, which is prohibited. *See* Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3 (amended 2007) (current version at Tex. Code Crim. Proc. Ann. art. 64.03(b) (West Supp. 2012)). Appellant filed a notice of appeal from the denial. *See* Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 4,

---

[3]The State also disclosed that the prints from Officer Smith's gun and a gun-shot-residue test were available, but asserted that they would not contain biological evidence.

*amended by* Act of April 25, 2003, 78th Leg., R.S., ch. 13, § 5, 2003 Tex. Gen. Laws 16, 17 (current version at Tex. Code Crim. Proc. Ann. art. 64.05 (West 2006)).

A convicted person who moves for post-conviction DNA testing under former article 64.01(b)(1) bears the burden of showing that evidence containing biological material was in the possession of the State, but was not previously subjected to DNA testing (1) because DNA testing was not available; (2) because DNA testing was available, but not technologically capable of providing probative results; or (3) through no fault of the convicted person, for reasons that are of a nature such that the interests of justice require DNA testing. *See* Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 2–3 (amended 2011) (current version at Tex. Code Crim. Proc. Ann. art. 64.01(b)(1) (West Supp. 2012)). If the convicted person meets these criteria, a trial court must order DNA testing only if the convicted person shows by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing and that identity was at issue in the case. *See* Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3, *amended by* Act of April 25, 2003, 78th Leg., R.S., ch. 13, § 3, 2003 Tex. Gen. Laws 16, 16 (current version at Tex. Code Crim. Proc. Ann. art. 64.03(a) (West Supp. 2012)). *See generally Leal v. State*, 303 S.W.3d 292, 295–96 (Tex. Crim. App. 2009). When, as here, the trial court denies a motion for post-conviction DNA testing

4

without conducting a hearing, we review the ruling de novo. *See Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005).

In his first and second issues, Appellant argues that the trial court erred by relying on witness affidavits, which were inadmissible hearsay and violated the Confrontation Clause. But Appellant failed to raise these arguments in the trial court even though the State filed its response to Appellant's motion approximately three weeks before the trial court entered its denial. Appellant's failure to present his hearsay and Confrontation Clause objections to the trial court forfeits his complaint. *See* Tex. R. App. P. 33.1(a)(1); *Sepeda v. State*, 301 S.W.3d 372, 374 (Tex. App.—Amarillo 2009, pet. ref'd). We overrule issues one and two.

In his third issue, Appellant contends that the trial court erred by failing to hold a hearing before denying the motion. As with his first two issues, Appellant failed to request a hearing on his motion or otherwise complain that a hearing was necessary. This failure forfeits his complaint. *See* Tex. R. App. P. 33.1(a)(1); *Sepeda*, 301 S.W.3d at 376. Indeed, a trial court is not required to hold a hearing before determining whether the movant is entitled to post-conviction DNA testing. *See Whitaker v. State*, 160 S.W.3d 5, 8 (Tex. Crim. App.), *cert. denied*, 543 U.S. 864 (2004); *Jones v. State*, 161 S.W.3d 685, 689 (Tex. App.—Fort Worth 2005, pet. ref'd); *cf.* Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 4, *amended by* Act of April 25, 2003, 78th Leg., R.S., ch. 13, § 4, 2003 Tex. Gen. Laws 16, 16 (amended 2011) (current

version at Tex. Code Crim. Proc. Ann. art. 64.04 (West Supp. 2012)) (mandating hearing after DNA testing conducted).  We overrule issue three.

Having overruled Appellant's issues, we affirm the trial court's denial.


LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 13, 2013