In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00214-CR
_____

CORDELL RENARD GREEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 258th District Court
Polk County, Texas
Trial Cause No. 21,647

**MEMORANDUM OPINION**

*Pro se* appellant Cordell Renard Green appeals the trial court's order denying his motion for post-conviction forensic DNA testing. *See* Tex. Code Crim. Proc. Ann. arts. 64.01-.05 (West 2018). In his sole issue, Green argues that the trial court abused its discretion by denying his motion for forensic DNA testing because he pleaded guilty to the offense. According to Green, he is entitled to newer testing techniques that provide a reasonable likelihood of results that are more accurate and

1

probative than the results of the previous test conducted in 2011. We affirm the trial court's order.

Procedural Background

In May 2018, Green, acting *pro se*, filed motions requesting the appointment of counsel and DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 64.01 (West 2018). In his motion for DNA testing, Green stated that in 2012, he pleaded guilty to first-degree murder and was sentenced to life in prison. According to Green, in 2011, he submitted a DNA swab, and the report indicated that he could not be excluded from a front passenger door and a straw that was found at the crime scene. Green argued that although the evidence was previously subjected to DNA testing, there are new testing techniques concerning DNA mixtures that were not available in 2011, and if the new test had been available, he would not have been convicted if exculpatory results had been obtained.

According to Green, the 2011 DNA test report showed that the DNA of six other people was also tested, indicating a DNA mixture. Attached as an exhibit to Green's motion is a letter dated August 21, 2015, from the Texas Forensic Science Commission to the members of the Texas Criminal Justice Community concerning DNA mixture interpretation. The letter recommends that any prosecutor, defendant,

2

or defense attorney with a currently pending case involving a DNA mixture in which the results could impact the conviction should consider requesting confirmation that the laboratory calculated the Combined Probability of Inclusion/Exclusion using current and proper mixture interpretation protocols. The trial court denied Green's motion to appoint counsel and noted that Green had pleaded guilty. The trial court denied Green's motion for DNA testing and did not issue any findings of fact or conclusions of law.

Analysis

In his sole issue, Green argues that the trial court abused its discretion by denying his motion for forensic DNA testing. The State maintains that the trial court could have reasonably found that Green's motion failed to meet the preconditions required by Article 64. According to the State, Green's motion fails to clearly state what evidence he seeks to have retested or if such evidence still exists. *See Dinkins v. State*, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002).

Under Article 64, a convicted person may file a motion in the convicting court for DNA testing of evidence that has a reasonable likelihood of containing biological material. Tex. Code Crim. Proc. Ann. art. 64.01(a-1) (West 2018). The motion must be accompanied by the convicted person's sworn affidavit and include statements of fact in support of the motion. *Id.* The motion may request DNA testing of evidence

that is the basis of the challenged conviction even if the evidence was previously subjected to DNA testing, on the basis that newer testing techniques provide a reasonable likelihood of results that are more accurate and probative. *Id.* art. 64.01(b)(2)(A). When a convicted person who pleaded guilty submits a motion for DNA testing, the convicting court is prohibited from finding that identity was not an issue in the case solely based on a guilty plea. *Id.* art. 64.03(b) (West 2018). An indigent convicted person intending to file a motion for post-conviction testing has a right to appointed counsel if the trial court finds reasonable grounds for a motion to be filed. *Id.* art. 64.01(c).

The convicting court may order DNA testing only if it finds that: (1) the evidence still exists, is in a condition making DNA testing possible, and has been subjected to a chain of custody sufficient to establish that it has not been altered; (2) there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing; (3) identity was an issue in the case; (4) the convicted person established by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing and that his request for testing is not made to unreasonably delay the sentence or the administration of justice. *Id.* art. 64.03(a) (West 2018); *Dohnal v. State*, 540 S.W.3d 651, 655 (Tex. App.—Eastland 2018, pet. ref'd).

In reviewing a trial court's ruling on a motion for post-conviction DNA testing, we give almost total deference to the trial court's findings of historical fact and to the trial court's application-of-law-to-fact issues that turn on witness credibility and demeanor, but we consider *de novo* all other issues applying law to fact. *Ex parte Gutierrez*, 337 S.W.3d 883, 890 (Tex. Crim. App. 2011). Under this standard, we review the issue of whether the claimed DNA evidence exists and is in a condition to be tested with deference to the trial court's finding. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). Our *de novo* review includes the issue of whether the convicted person has established by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. *Id.*; Tex. Code Crim. Proc. art. 64.03(a)(2)(A).

A convicted person is not entitled to post-conviction DNA testing unless he shows that there is a greater than 50% chance that he would not have been convicted had any exculpatory results generated by the proposed testing been available at the time of his trial. *Holberg v. State*, 425 S.W.3d 282, 286-87 (Tex. Crim. App. 2014). The term "exculpatory results" has been construed to mean only results that exclude the convicted person as being a donor of the material. *Id.* at 287. We must assume that the results of the post-conviction DNA testing would prove favorable to Green. *See Routier v. State*, 273 S.W.3d 241, 257 (Tex. Crim. App. 2008). A favorable DNA

5

test result must be the sort of evidence that would affirmatively cast doubt on the validity of the conviction; otherwise, the DNA testing would simply "'muddy the waters.'" *Larson v. State*, 488 S.W.3d 413, 417 (Tex. App.—Texarkana 2016, pet. ref'd) (quoting *Ex parte Gutierrez*, 337 S.W.3d at 892). If retesting would not show by a preponderance of the evidence that the appellant would not have been convicted, then there is no reason for the trial court to order the DNA testing. *Prible v. State*, 245 S.W.3d 466, 469-70 (Tex. Crim. App. 2008).

Our review of the record shows that Green's *pro se* motion for DNA testing does not include his sworn affidavit. *See* Tex. Code Crim. Proc. Ann. art. 64.01(a-1). Green's motion also fails to show that the evidence he seeks to have retested still exists, is in a condition to be retested, and has been subjected to a chain of custody sufficient to establish that it has not been altered. *See id.* art. 64.03(a)(1)(A); *Dohnal*, 540 S.W.3d at 655. Nor does the record show that Green asked the trial court to conduct an inquiry regarding the existence of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 64.02(a) (West 2018) (requiring the trial court to provide notice to the State and allowing the trial court to proceed regardless of whether the State delivers the evidence or submits a response explaining why it cannot deliver the evidence); *Shannon v. State*, 116 S.W.3d 52, 55 (Tex. Crim. App. 2003); *see also Sepeda v. State*, 301 S.W.3d 372, 374-75 (Tex. App.—Amarillo 2009, pet. ref'd).

Because Green failed to meet the preconditions to obtain post-conviction DNA testing, the trial court did not err by denying Green's motion. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A); *Dinkins*, 84 S.W.3d at 642; *Rivera*, 89 S.W.3d at 59. We overrule Green's sole issue and affirm the trial court's order.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on January 4, 2019
Opinion Delivered February 6, 2019
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.