**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00304-CR**
_____

**MARIO LAVELL COCKERHAM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause No. CR26494**

**MEMORANDUM OPINION**

Mario Lavell Cockerham appeals the trial court's order denying his motion for post-conviction forensic DNA testing. *See* Tex. Code Crim. Proc. Ann. arts. 64.01-.05. In two issues, Cockerham challenges the trial court's order, arguing that he correctly identified the items needing to be tested in his motion, and that his affidavit was sufficient to support his motion. We affirm the trial court's order.

1

**Procedural Background**

In August 2018, Cockerham, acting pro se, filed a motion requesting DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 64.01. In his motion for DNA testing, Cockerham stated that in 2009, a jury found him guilty of capital murder, resulting in an automatic sentence of life without the possibility of parole.[1] *See* Tex. Penal Code Ann. § 19.03(a)(8). Cockerham argues that although the evidence in his case was previously subjected to DNA testing, there are new testing techniques that were unavailable in 2009. These new techniques test DNA derived from skin cells. Cockerham contends that if the new test had been available, he would not have been convicted if exculpatory results had been obtained. Specifically, Cockerham states that since his trial, "'[n]ew [t]echnology' and '[n]ew DNA [d]etermination' were developed to discern a DNA [p]rofile[] produced by [s]kin [c]ells[,]" noting that the forensic expert and DNA analyst at his trial, did not "sift the items for 'SKIN CELLS[,]' as said technology to discern and analyze 'SKIN CELLS' [was] not developed at the time of Petitioner's trial."

---

[1] Cockerham was found guilty of the capital murder of his infant daughter. *See Cockerham v. State*, No. 09-09-00180-CR, 2010 WL 3041169 (Tex. App.—Beaumont Aug. 4, 2010, pet. ref'd).

According to Cockerham, the 2009 DNA test report showed that the DNA of only one person, the mother of the infant, was present on three specific items, excluding Cockerham's DNA on each item. He challenges the State's use of a dog scent lineup based on skin cells found on these three individual objects. He states that at trial, it was suggested that a person loses "50 to 70 [m]illion [s]kin [c]ells a day," and that three dogs identified Cockerham's skin cells on three items during a "[d]og [s]cent [l]ine [u]p[,]" including a "house cell phone," papers from a wallet, and the deceased infant's onesie. He asserts this identification is "[j]unk [s]cience[,]" and cites to a Texas Monthly article from May 2010, to support his claims that a dog scent lineup identification based on skin cells is "Junk Voo Doo Science[.]"

Without a hearing, the trial court denied Cockerham's motion, finding that Cockerham "fails to identify and/or specify what DNA evidence, if any, needs to be tested, and fails to include a proper affidavit stating how further DNA testing would exonerate the defendant." The trial court did not issue any Findings of Fact or Conclusions of Law. Cockerham timely filed this appeal.

## Analysis

In his two issues on appeal, Cockerham argues that the trial court abused its discretion by denying his motion for forensic DNA testing. The State maintains that the trial court could have reasonably found that Cockerham's motion failed to meet the preconditions required by Article 64. According to the State, Cockerham's

3

motion fails to state what evidence he seeks to have retested and fails to attach the required affidavit. *See Dinkins v. State*, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002).

Under Article 64, a convicted person may file a motion in the convicting court for DNA testing of evidence that has a reasonable likelihood of containing biological material. Tex. Code Crim. Proc. Ann. art. 64.01(a-1). The motion must include the convicted person's sworn affidavit and include statements of fact in support of the motion. *Id*. The motion may request DNA testing of evidence that is the basis of the challenged conviction even if the evidence was previously subjected to DNA testing, because newer testing techniques provide a reasonable likelihood of results that are more accurate and probative. *Id*. art. 64.01(b)(2)(A).

The convicting court may order DNA testing only if it finds that: (1) the evidence still exists, is in a condition making DNA testing possible, and has been subjected to a chain of custody sufficient to establish that it has not been altered; (2) there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing; (3) identity was an issue in the case; (4) the convicted person established by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing and that his request for testing is not made to unreasonably delay the sentence or the administration of justice. *Id*. art. 64.03(a); *Smith v. State*, 165 S.W.3d 361, 363-64

4

(Tex. Crim. App. 2005); *Dohnal v. State*, 540 S.W.3d 651, 655 (Tex. App.—Eastland 2018, pet. ref'd).

When reviewing the trial court's chapter 64 rulings, we employ a bifurcated standard. *See Reed v. State*, 541 S.W.3d 759, 768 (Tex. Crim. App. 2017); *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). In reviewing a trial court's ruling on a motion for post-conviction DNA testing, we give almost total deference to the trial court's findings of historical fact and to the trial court's application-of-law-to-fact issues that turn on witness credibility and demeanor, but we consider de novo all other issues applying law to fact. *Ex parte Gutierrez*, 337 S.W.3d 883, 890 (Tex. Crim. App. 2011). Under this standard, we review whether the claimed DNA evidence exists and is in a condition to be tested with deference to the trial court's finding. *Rivera*, 89 S.W.3d at 59. Our de novo review includes whether the convicted person has established by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. *Id*.; Tex. Code Crim. Proc. art. 64.03(a)(2)(A).

A convicted person is not entitled to post-conviction DNA testing unless he shows that there is a greater than 50% chance that he would not have been convicted had any exculpatory results generated by the proposed testing been available at the time of his trial. *Holberg v. State*, 425 S.W.3d 282, 286-87 (Tex. Crim. App. 2014). The term "exculpatory results" has been construed to mean only results that exclude

5

the convicted person as being a donor of the material. *Id*. at 287. We must assume that the results of the post-conviction DNA testing would prove favorable to Cockerham. *See Routier v. State*, 273 S.W.3d 241, 257 (Tex. Crim. App. 2008). A favorable DNA test result must be the sort of evidence that would affirmatively cast doubt on the validity of the conviction; otherwise, the DNA testing would simply "'muddy the waters.'" *Larson v. State*, 488 S.W.3d 413, 417 (Tex. App.—Texarkana 2016, pet. ref'd) (quoting *Gutierrez*, 337 S.W.3d at 892). If retesting would not show by a preponderance of the evidence that the appellant would not have been convicted, then there is no reason for the trial court to order the DNA testing. *Prible v. State,* 245 S.W.3d 466, 469-70 (Tex. Crim. App. 2008).

Cockerham asserts his motion and affidavit are sufficient to require the trial court to grant DNA testing. Article 64.01(a) requires that an affidavit contain statements of fact in support of the motion. Tex. Code Crim. Proc. Ann. art. 64.01(a-1). However, the statute does not specify what facts must be included. *Id*. The Texas Court of Criminal Appeals has addressed what is required as factual support for motions for DNA testing. *See Smith,* 165 S.W.3d at 362-65; *Dinkins*, 84 S.W.3d at 642.

In *Dinkins v. State*, the Court of Criminal Appeals held that Dinkins did not meet the requirements of Article 64.01(a) because he did not provide statements of fact in support of his motion. *Dinkins*, 84 S.W.3d at 642; Tex. Code Crim. Proc.

6

Ann. art. 64.01(a). Dinkins's motion and expert report were unclear as to what evidence Dinkins wanted tested and the expert's report did not specifically address whether previous DNA testing techniques could provide probative results. *See Dinkins*, 84 S.W.3d at 642; Tex. Code Crim. Proc. Ann. art. 64.01(b)(2)(A), (B)(ii). Although Dinkins's expert made general statements of fact about the type of DNA testing that was available at the time of Dinkins's trial, this was not enough to support Dinkins's motion for DNA testing. *Dinkins*, 84 S.W.3d at 642. The court required more specific information, which neither Dinkins nor his expert provided. *Id*. Thus, the court held that the convicting court did not erroneously deny his request for DNA testing. *Id*. at 643.

In *Smith v. State*, the Texas Court of Criminal Appeals held *Smith* established by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. *See Smith*, 165 S.W.3d at 365. Smith's motion for DNA testing accompanied an affidavit in which he swore he was not guilty of the offense for which he was convicted, and that the State had evidence that would establish he was innocent of the alleged offense. *See id.* at 362. The Court of Criminal Appeals determined that Smith's plea of actual innocence in his pro se motion amounted to an assertion that there is at least a 51% chance he would not have been convicted. *Id*. at 365. The court stated that arguably Smith should have included other factual information in support of his assertion, but

7

because the trial court took judicial notice of the trial record, those facts could be found in the record. *Id*. Therefore, the trial court had enough evidence to determine by a preponderance of the evidence that Smith would not have been convicted if the DNA results were favorable. *Id*. Because Article 64.03(a)(2)(A) was the only part of Chapter 64 in dispute in *Smith*, the motion met the requirements of Chapter 64 and Smith was entitled to DNA testing. *Id*.

Here, Cockerham's motion fails to meet the requirements of Article 64.01 that would require new DNA testing. First, although Cockerham provided an affidavit in support of his motion for DNA testing by incorporating his allegations into his affidavit by reference, the sworn affidavit simply makes general claims that the foregoing motion "is true and correct to the best of Relator's belief and knowledge." Unlike the *Smith* case, here there is no indication that the trial court took judicial notice of Cockerham's trial record or that the court considered the record in deciding on Cockerham's motion. Thus, there are not enough facts to determine by a preponderance of the evidence that Cockerham would not have been convicted if exculpatory results had been obtained through DNA testing. Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A); *Smith*, 165 S.W.3d at 364-65.

Second, Cockerham's case resembles Dinkins's because, like Dinkins, Cockerham did not identify what items he wanted tested, other than to name the three items used in the dog sniff test upon which there was not sufficient DNA

8

material found to support DNA testing. Cockerham similarly has not provided any specific information about how present methods of DNA testing could be used to exonerate him. *Dinkins*, 84 S.W.3d at 642. Additionally, although Cockerham identifies the three items he wants retested, he fails to show that the evidence he seeks to have retested still exists, is in a condition to be retested, and has been subjected to a chain of custody sufficient to establish that it has not been altered. See Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A); *Dohnal*, 540 S.W.3d at 655; *Dinkins*, 84 S.W.3d at 642. Nor does the record show that Cockerham asked the trial court to conduct an inquiry regarding the existence of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 64.02(a) (requiring the trial court to provide notice to the State and allowing the trial court to proceed regardless of whether the State delivers the evidence or submits a response explaining why it cannot deliver the evidence); *Shannon v. State*, 116 S.W.3d 52, 55 (Tex. Crim. App. 2003); *see also Sepeda v. State*, 301 S.W.3d 372, 374-75 (Tex. App.—Amarillo 2009, pet. ref'd). Because Cockerham failed to meet the preconditions to obtain post-conviction DNA testing, the trial court did not err by denying Cockerham's motion. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A); *Dinkins*, 84 S.W.3d at 642; *Rivera*, 89 S.W.3d at 59. Cockerham's pleadings provided no factual information, other than these assertions, to support his motion. *See* Tex. Code of Crim. Proc. Ann. art. 64.01(a-1) ("The motion must be accompanied by an affidavit, sworn to by the convicted person,

containing statements of fact in support of the motion."). Because Cockerham did not supply enough facts to support his motion, he did not satisfy the requirements of Article 64.01(a-1). *See id*. Thus, Cockerham's motion and affidavit are not sufficient to require the trial court to grant DNA testing.

Even if we concede, which we do not, that this constituted a valid petition under Chapter 64, there was no new DNA evidence identified to be tested. In spite of the "dog-sniff" evidence presented at trial, the jury relied upon eye-witness testimony and circumstantial evidence to convict Cockerham. *See Prible*, 245 S.W.3d at 470 ("Evidence of [] another person's DNA in addition to Appellant's is not exculpatory evidence in this case due to the additional evidence presented at the trial. Thus, even if the evidence [were] retested and determined to contain another person's DNA in addition to Appellant's DNA, it would not establish by [a] preponderance of the evidence that Appellant would not have been convicted if the jury had heard that DNA from a third-party was present.").

A court may not grant a post-conviction motion for DNA testing unless the movant has satisfied all the Chapter 64 requirements. *See Wilson v. State*, 185 S.W.3d 481, 484 (Tex. Crim. App. 2006). On the record before us, we conclude that the trial court did not err by denying Cockerham's motion for post-conviction forensic DNA testing. *See id.* at 486; *see also Prible*, 245 S.W.3d at 470. We overrule his two issues on appeal and affirm the order of the trial court.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on May 5, 2023
Opinion Delivered January 31, 2024
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.

11