**AFFIRM; and Opinion Filed January 30, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00746-CR
No. 05-14-00747-CR

**CLINTON WEBB, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. F85-98318-H and F85-98760-H**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Lang-Miers

Clinton Webb and his brother, John Will Webb, were convicted of aggravated robbery and murder of an Exxon self-service gas station manager in 1985. Clinton was sentenced to life in prison for both offenses. In 2012, he filed a pro se motion for post-conviction forensic DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. arts. 64.01–.05 (West 2006 & Supp. 2014). The trial court appointed one lawyer to represent both appellant and his brother. Appointed counsel filed a combined formal motion for DNA testing for both appellant's and his brother's respective two cases. The trial court ordered mitochondrial DNA testing of loose hair found in the victim's hand, but did not order DNA testing of two firearms and spent bullets. On appeal, appellant argues that the trial court erred by denying DNA testing of the firearms and spent bullets. We resolve appellant's sole issue against

him.  We issue this memorandum opinion because all dispositive issues are settled by law.[1] TEX. R. APP. P. 47.4.

## Standard of Review

We review a trial court's decision on a motion for post-conviction DNA testing under a bifurcated standard of review.  *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).  "[W]e afford almost total deference to a trial court's determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor, while we review *de novo* other application-of-law-to-fact issues."  *Id*.

## Applicable Law

Article 64.01 of the code of criminal procedure states that a convicted person may file a motion for DNA testing of evidence containing biological material.  TEX. CODE CRIM. PROC. ANN. art. 64.01(a–1).  It defines "biological material" as "an item that is in possession of the state and that contains blood, semen, hair, saliva, skin tissue or cells, fingernail scrapings, bone, bodily fluids, or other identifiable biological evidence that may be suitable for forensic DNA testing[.]"  *Id*. art. 64.01(a)(1).  The convicted person is required to file an affidavit with the motion, "sworn to by the convicted person, containing statements of fact in support of the motion."  *Id*.  art. 64.01(a–1).

Upon receiving the convicted person's motion, the trial court must notify the State and require the State to "deliver the evidence to the court, along with a description of the condition of the evidence" or "explain in writing to the court why the State cannot deliver the evidence to the court."  *Id*. art. 64.02(a).  The trial court may order DNA testing if certain conditions are met.  *Id*. art. 64.03(a).  Among those conditions is that the convicted person "establishes by a

_____

[1] We are simultaneously issuing our opinion in appellant's brother's appeals, case nos. 05-14-00743-CR and 05-14-00744-CR.

preponderance of the evidence that . . . [he] would not have been convicted if exculpatory results had been obtained through DNA testing[.]" *Id*. art. 64.03(a)(2)(A).

**Discussion**

Appellant's pro se motion asked for DNA and fingerprint testing of "the firearm introduced at the trial in this cause." He stated that "a firearm [ballistics] exam was conducted on a firearm . . . purporting to be used in the crime by defendant Clinton Webb" but "the results were not absolutely conclusive that this was the firearm used" and DNA and fingerprint testing was not done. Appellant attached an affidavit to his pro se motion reiterating the allegations in his motion and stating, "It is probable that Defendant Clinton Webb, would not have been prosecuted or convicted if results had been obtained with DNA and fingerprint testing."

Appointed counsel's formal motion asked for DNA testing of "evidence containing biological material" without referring to any specific evidence. In the affidavit attached to the motion, appellant also did not refer to any specific evidence, but declared, "The ultimate question in this case was whether I . . . committed the offense of aggravated robbery . . . . There is a reasonable probability that it would show that I did not commit this offense if testing was performed on the biological material."[2] The affidavit did not contain statements of fact to support why appellant thought DNA testing of the evidence would show he did not commit the offense.

After receiving notice of appellant's motion, the State reported to the trial court that the evidence in the case consisted of loose hair found in the victim's hand, the victim's head-hair standard, two firearms, and spent bullets. The State did not oppose testing the hair found in the victim's hand, but it did oppose testing the firearms and spent bullets. The State argued that appellant had not established there was biological evidence available for testing on the firearms

---

[2] Our appellate record does not contain an affidavit by appellant in the murder case.

and spent bullets, and, even if he had, he did not show "that there is at least a 51% chance that the jury would not have convicted him had it been aware of the presumptively favorable test results."

The trial court signed an order granting mitochondrial DNA testing of the loose hair found in the victim's hand. After the results came back that "no amplifiable human mitochondrial DNA was observed for the hairs from the victim's hand," the court issued its finding that "had these results been available during the trials of these offenses, it is NOT reasonably probable that [appellant] would not have been convicted."

On appeal, appellant argues that the trial court erred by denying his motion for DNA testing of the firearms and spent bullets. But although appellant's pro se motion asked the court for testing of a firearm, it did not request testing of spent bullets, and his formal motion did not request testing of any specific piece of evidence. And because there is no record of a hearing on appellant's motion in our appellate record, the record does not show that appellant orally moved for testing of those items. *See Dinkins v. State*, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002) (because different motions asked for testing of different evidence, court "not entirely clear as to what evidence appellant wants tested").

Additionally, the court's order did not deny testing of the firearms and spent bullets. In fact, the order did not refer to that evidence at all. Even if we consider appellant's pro se motion as a request for DNA testing on a firearm, the record does not reflect that appellant asked for or got a ruling on the request. *See Shannon v. State*, 116 S.W.3d 52, 54–55 (Tex. Crim. App. 2003) (rules of preservation apply to motions for post-conviction DNA testing). And appellant's affidavit did not include a statement of facts to support testing of the firearms or spent bullets. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(a–1); *Dinkins*, 84 S.W.3d at 642 (general statement

that statutory requirements were met not sufficient; appellant must provide affidavit containing statements of fact to support motion).

Appellant argues that the State did not deliver the firearms and spent bullets to the court as the statute required, and if it had, he could have determined whether they contained biological evidence to test. But appellant does not cite the record showing he made this argument below or that he asked the trial court to inquire of the State about the delivery of the evidence. *See Shannon*, 116 S.W.3d at 54–55 (appellant may not complain on appeal if appellant did not ask court to make inquiry of State about existence of evidence).

Appellant also argues that if the results of testing on the firearms and spent bullets had been exculpatory, he would not have been convicted because the evidence showed that "there were two unknown individuals who actually committed this offense" and "there is certainly a greater than 50% chance that [he] would not have been convicted." *See Holberg v. State*, 425 S.W.3d 282, 286–87 (Tex. Crim. App. 2014) (Chapter 64 requires convicted person to "show by a preponderance of the evidence (that is, greater than 50% likelihood) that [he] would not have been convicted had any exculpatory results generated by the proposed testing been available at the time of [his] trial."). Appellant has not cited and we have not found where he made this argument to the trial court. *See Shannon*, 116 S.W.3d at 54–55. But even if he had, the evidence at trial showed that four men, one of whom was appellant, committed the aggravated robbery and murder. *Webb v. State*, 766 S.W.2d 236, 238 (Tex. Crim. App. 1989).[3] Consequently, appellant bore the burden to establish that he would not have been convicted as a principal or as a party. *Ex parte Gutierrez*, 337 S.W.3d 883, 900 (Tex. Crim. App. 2011) (appellant's burden more difficult when there is no lone offender whose DNA must have been left at scene); *Prible v.*

---

[3] In his motion, appellant did not cite evidence from the trial. On appeal, he cites the evidence as described by the court of criminal appeals in its opinion. *See Webb v. State*, 766 S.W.2d 236, 238 (Tex. Crim. App. 1989). The court said the evidence at trial showed that there was an eyewitness to the crime who identified appellant, his brother, and two other individuals as the persons who robbed and murdered the gas station manager. *Id.* The eyewitness identified appellant as the shooter. *Id.*

*State*, 245 S.W.3d 466, 469 (Tex. Crim. App. 2008) (testing not authorized if it would not result in exculpatory evidence that would have altered outcome of trial). Additionally, there are no statements of fact in appellant's affidavit to support a finding in his favor on this issue. *See Gutierrez*, 337 S.W.3d at 901 (concluding that even if DNA was present in fingernail scrapings, it "might just as likely have come from appellant's accomplice . . . and that would not exculpate appellant").

We conclude that appellant did not meet the Chapter 64 requirements for DNA testing of the firearms and spent bullets. To the extent the trial court's order implicitly denied DNA testing of those items, we cannot conclude that the court erred. We resolve appellant's sole issue against him.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

140746F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CLINTON WEBB, Appellant

No. 05-14-00746-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F85-98318-H.
Opinion delivered by Justice Lang-Miers,
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the September 17, 2013 order of the trial court
is **AFFIRMED**.

Judgment entered this 30th day of January, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CLINTON WEBB, Appellant

No. 05-14-00747-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F85-98760-H.
Opinion delivered by Justice Lang-Miers,
Justices Bridges and Myers participating.

      Based on the Court's opinion of this date, the September 17, 2013 order of the trial court is **AFFIRMED**.

Judgment entered this 30th day of January, 2015.